ROBERT D. RUFFIN *vs.* COCA COLA BOTTLING COMPANY.

Suffolk.    April 8, 1942. — May 26, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* Manufacturer, Bottle.    *Evidence,* Presumptions and burden of proof.

Evidence of the circumstances in which a bottle of coca cola exploded in the hand of a customer of a retail store just after he had removed it from a metal cooler containing ice and other bottles did not warrant a finding that it was more probable that the explosion was due to negligence on the part of the coca cola company which sold the bottle to the storekeeper than that it was due to a cause for which the company was not responsible.

TORT.    Writ in the Municipal Court of the Brighton District of the City of Boston dated August 18, 1938.

Upon removal to the Superior Court, the action was tried before *Walsh,* J.

*J. W. Sullivan,* (*J. J. Mulcahy* with him,) for the defendant.

No argument nor brief for the plaintiff.

DOLAN, J.    This is an action of tort to recover compensation for personal injuries sustained in circumstances described below. The case was tried to a jury, who returned a verdict for the plaintiff, and now comes before us on the defendant's exception to the denial of its motion for a directed verdict in its favor.

The jury would have been warranted in finding the following facts. On August 2, 1938, "around seven o'clock in the evening," the plaintiff went to "Kenny & McMurray's Delicatessen Store" located on Main Street, in Woburn, for the purpose of buying a bottle of coca cola to drink. He had been in the habit of going there daily to get something to drink, and had bought coca cola there many times. In accordance with his "usual practice . . . [he] put a nickel on the counter and reached into the container and . . . [took] out a bottle of coca cola," and told Kenny that he was "taking" it.

The container was about four by two and a half feet and was made of sheet metal. "There were different kinds of beverages in the container with ice." The coca cola was "chilled as usual." The plaintiff did not inspect the bottle when he took it out of the container. He "wiped the water off the bottle and reached for the opener on the right side of the container. When he was within three or four inches of the opener, the bottle of coca cola which he was holding by the middle, exploded in his hand, breaking a little below the neck of the bottle." In consequence, his right index finger was cut. "Before the explosion he did not touch the cap of the bottle to the opener." In taking the bottle from the container the plaintiff "did not push it up against or touch the container." He "didn't take it carefully"; it did not make any difference to him whether it touched anything or not. As he last left his testimony he "wouldn't say" that he knew whether the bottle hit "another bottle or piece of tin" when he lifted it from the container; but he was sure that he "did not strike the edge of the container." After the accident the bottle was in two or three pieces. "There was a cap on the neck of the bottle laying underneath the opener."

One of the proprietors of the store (Kenny) testified that he sold coca cola which he bought from the coca cola company. At about the time of the accident he was buying ten or twenty cases a week. Each case contained twenty-four bottles. In the course of delivery the cases, which were laid in rows on the defendant's truck, were placed by

the truck driver on top of one another in the back room of the store. As they were needed the bottles were taken out of "the case and put . . . in the cooler." As he placed them in the cooler Kenny looked at them to see that they were "all right." When he put them in the container he handled them carefully, and when he was taking them out "he took them out easy." There were between "two and three" cases of bottles in the container. Kenny's partner probably "filled it last." Kenny had not touched the container on the night of the accident.

No citation of authorities is needed to support the familiar principle that ordinarily the mere happening of an accident is not evidence of negligence. The burden of proving that the defendant was negligent was upon the plaintiff, and the matter could not be left to surmise or conjecture. While the plaintiff was not bound to exclude every other possibility of cause for his injury, nevertheless he was required to show by evidence a greater likelihood that it was occasioned by some act of negligence on the part of the defendant for which it is responsible, rather than by a cause for which it is not liable. *Rocha* v. *Alber*, 302 Mass. 155, 157, 158. *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592, 596. We are of opinion that the plaintiff did not sustain that burden and that therefore the defendant's motion for a directed verdict should have been allowed.

Other than the "explosion" there was no evidence that would warrant the jury in finding that the bottle in question was not properly constructed, or that it was not an appropriate vessel for the purposes for which it was used when it was delivered to the proprietors of the store and thus had passed out of the management and control of the defendant. On the other hand, the jury would be required to find that the bottle had been placed in the cooler with ice and many other bottles, that it was wet when removed by the plaintiff, that the plaintiff did not remove it carefully, and that he would not say that while he was removing the bottle it did not "hit another bottle or piece of tin." In all the circumstances disclosed by the evidence, we think it could not be found properly that the plaintiff

had excluded certain other causes, such as that, after the bottle had gone out of the management and control of the defendant, a defect, such as a crack which would weaken the bottle, arose while it was in the cooler in contact with ice and other bottles, or was caused by the negligence of the plaintiff in failing to remove it carefully from the cooler.

We are of opinion that as matter of law the jury would not be warranted in finding that it was more probable that the plaintiff's injury was caused by an act for which the defendant is responsible than by the other causes disclosed by the evidence, for which it is not responsible. The plaintiff failed to present evidence sufficient to take the cause of his injury out of the realm of surmise and conjecture. *Burnham* v. *Lincoln*, 225 Mass. 408. *Wheeler* v. *Laurel Bottling Works*, 111 Miss. 442. *Glaser* v. *Seitz*, 35 Misc. (N. Y.) 341.

*Exceptions sustained.*
*Judgment for the defendant.*