JOSEPH R. HAMPSON *vs.* EDWARD W. LARKIN.

Berkshire. September 18, October 29, 1945. — November 28, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence*, Contractor. *Contract*, Building contract, Parties.

In an action by an architect employed by the owner of a building against a building contractor for personal injuries sustained by the plaintiff through the fall of an unfastened ladder which belonged to the owner and which the plaintiff was using to inspect the defendant's work, an instruction to the jury, in substance that while the defendant must exercise reasonable care to have the facilities used in connection with his work reasonably safe, his duty to the plaintiff "so far as the furnishing of facilities . . . is concerned, was not varied or heightened by" a contract in evidence between the defendant and the owner requiring

the defendant to "provide sufficient, safe and proper facilities at all times for the inspection of the work by the architect," was sufficiently favorable to the plaintiff: the plaintiff, not being a party to the contract, was not entitled to enforce the requirement thereof as to facilities so as to make the defendant toward him an insurer as to their safety.

TORT. Writ in the Superior Court dated June 15, 1942.

The action was tried before *Burns*, J. There was a verdict for the defendant. Both parties alleged exceptions.

*F. M. Myers*, for the plaintiff.

*J. M. Rosenthal*, for the defendant.

SPALDING, J. The plaintiff in this action of tort seeks compensation for injuries that he sustained by reason of the alleged negligence of the defendant in failing to supply and maintain adequate and proper equipment on premises to which the plaintiff had been invited. The case was tried to a jury which returned a verdict for the defendant.

The facts pertinent to the questions raised by the plaintiff's exceptions, and which could have been found, are these: The Roman Catholic Bishop of Springfield, hereinafter called the Bishop, had entered into a contract with the defendant, a general contractor, for the reconstruction of a parochial school owned by the Bishop as a corporation sole. The plaintiff, an architect, was employed by the Bishop to inspect this work. On the day of the accident the plaintiff was on the school premises for the purpose of inspecting some work done by the defendant on the roof. In order to do this it was necessary for him to climb a ladder which led from the second floor to a "scuttle hole in the ceiling." The ladder, which was owned by the Bishop and had been used by the plaintiff on prior occasions, rested on a tile floor and was "not cleated"; nor was it secured at the top. After an employee of the defendant had ascended the ladder the plaintiff followed, and as he "got to about the top . . . the foot of the ladder slipped out and . . . [it] went down carrying the plaintiff with it and causing the injuries complained of."

Subject to the exception of the defendant the judge admitted in evidence the contract between the defendant and the Bishop, one of the clauses of which required the de-

fendant to "provide sufficient, safe and proper facilities at all times for the inspection of the work by the architect or his authorized representatives." In his charge the judge instructed the jury that the defendant must use reasonable care to have the instrumentalities used in connection with his work reasonably safe and that the duty owed by the defendant to the plaintiff "so far as the furnishing of facilities . . . is concerned, was not varied or heightened by any . . . contract" between the defendant and the Bishop. To this the plaintiff excepted. The plaintiff argues that the above mentioned provision in the contract must be looked to in determining the duty owed by the defendant to him, and that under it the defendant "became an insurer . . . that safe and proper facilities would be furnished." We do not agree. The plaintiff was not a party to this contract and cannot enforce an obligation, created by it, that the defendant owed to the Bishop. *Brown* v. *Winthrop*, 270 Mass. 322, 325. *United Electric Light Co.* v. *Deliso Construction Co. Inc.* 315 Mass. 313, 322. See *Davidson* v. *Nichols*, 11 Allen, 514, 517; *Thomas* v. *Lane*, 221 Mass. 447, 450; Prosser on Torts, § 33. The case of *Barrett* v. *Builders' Patent Scaffolding Co. Inc.* 311 Mass. 41, on which the plaintiff relies, is not to the contrary. So far as the contract evidenced control of the ladder by the defendant, the plaintiff has had the benefit of it under the instruction given by the judge to the jury with respect to the duty of care owed by the defendant to the plaintiff.

In view of this conclusion the other exceptions of the plaintiff have become immaterial, and this is true of the defendant's exceptions, which are dismissed.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions dismissed.*