ESTHER S. CARTER *vs.* YARDLEY & CO. LTD.

Suffolk.    October 3, 4, 1945. — January 17, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Negligence*, Manufacturer, Dangerous article, Perfume. *Evidence*, Relevancy and materiality.

In an action of tort by a woman against a manufacturer for negligence in the preparation of perfume which caused burns when the plaintiff applied it to her skin, evidence that perfume from the same bottle injured the skin of three other persons when applied thereto was admissible to show a probability that the burns suffered by the plaintiff were due to some harmful ingredient in the perfume rather than to a peculiar susceptibility of her skin unforeseeable by the defendant.

At the trial of an action of tort for alleged personal injury sustained

when the plaintiff was burned by the application to her skin of a perfume manufactured and bottled by the defendant and sold by him to a retailer from whom the plaintiff purchased it, a finding of want of care in the processes of manufacture and bottling which caused the alleged injury was warranted by evidence that such processes were fully in the defendant's control, that no examination of the contents of the bottle by the retailer was practicable, that when purchased by the plaintiff the perfume was still in the same condition as when bottled, that the defendant did not know all the ingredients used in its preparation, and that the plaintiff's skin was normal when she used the perfume.

Discussion by LUMMUS, J., of decisions dealing with the liability of a manufacturer or supplier of an article for injury sustained by one having no contractual relation with him and caused by his lack of care respecting the article.

The supposed general rule, that a manufacturer of an article is not liable for injury sustained by a person having no contractual relation with him and caused by his lack of care in manufacturing the article, is no longer law in this Commonwealth.

A manufacturer or other person owning or controlling a thing that is dangerous in its nature or is in a dangerous condition, either to his knowledge or as a result of his want of reasonable care in manufacture or inspection, and dealing with or disposing thereof in a way that he foresees or in the exercise of reasonable care ought to foresee probably will carry it into contact with some person, known or unknown, who probably will be ignorant of the danger, owes a legal duty to every such person to use reasonable care to prevent injury to that person, even though no contractual relation between him and that person exists.

A manufacturer and bottler of perfume, expecting that each bottle of the perfume would go unchanged through the channels of trade into the hands of some ultimate consumer, owed to a purchaser of a bottle of the perfume from a retailer a duty of reasonable care to prevent injury to her in use of the perfume, and was liable in tort for injury caused to her by a harmful ingredient present in the perfume through the manufacturer's lack of care, although there was no contractual relation between such purchaser and the manufacturer and bottler.

TORT. Writ in the Superior Court dated December 24, 1942.

The action was tried before *Forte*, J.

*L. H. Peters*, for the plaintiff.

*A. P. Hardy*, for the defendant.

LUMMUS, J. The plaintiff bought at a retail shop in Boston a bottle of perfume manufactured by the defendant and sold by it to the retailer. There was evidence that the plaintiff suffered a second degree burn when she applied

the perfume to her skin. In answer to interrogatories, the defendant declared that it did not know all the ingredients of the perfume, nor the proportions of the several ingredients. In this action of tort for negligence, after a verdict for the plaintiff the judge, under leave reserved and over the exception of the plaintiff, entered a verdict for the defendant. That exception raises the only question in the case, apart from one question of evidence.

Over the exception of the defendant, the plaintiff was permitted to introduce the testimony of two lay witnesses and one admittedly qualified expert physician, to the effect that each of them had applied to his or her own skin perfume from the same bottle and that it had irritated, inflamed and injured the skin. The burden of proof was on the plaintiff to show negligence. The defendant could not be found negligent unless injury to the skin of a consumer from the contents of the bottle was to be anticipated. The plaintiff was not required to prove that a majority of consumers would be injuriously affected. "It is enough if a sufficient number are susceptible so that a jury could reasonably say that the defendant ought to have known and recognized the danger of injury and ought to have guarded against it." *Taylor* v. *Newcomb Baking Co.* 317 Mass. 609, 611. See also *Grant* v. *Australian Knitting Mills, Ltd.* [1936] A. C. 85, 92, 93.

The evidence in question was properly admitted to show the probability that the injury to the plaintiff was caused by some harmful ingredient in the perfume rather than by her own peculiar and unforseeable susceptibility.[1] The jury could infer that the skin of the plaintiff and of each of the witnesses was normal. *Payne* v. *R. H. White Co.* 314 Mass. 63.

---

[1] Wigmore, Evidence (3d ed. 1940) §§ 442, 457. *Hunt* v. *Lowell Gas Light Co.* 8 Allen, 169. *Baxter* v. *Doe*, 142 Mass. 558, 561. *Reeve* v. *Dennett*, 145 Mass. 23, 28. *Shea* v. *Glendale Elastic Fabrics Co.* 162 Mass. 463. *Commonwealth* v. *Kennedy*, 170 Mass. 18, 23. *Mountford* v. *Cunard Steamship Co. Ltd.* 202 Mass. 345, 351. *Guidara & Terenzio Inc.* v. *R. Guastavino Co.* 286 Mass. 502. *Brennan* v. *Ocean View Amusement Co.* 289 Mass. 587, 594. *Johnson* v. *Kanavos*, 296 Mass. 373, 375, 376. *Ouillette* v. *Sheerin*, 297 Mass. 536, 541. *Robitaille* v. *Netoco Community Theatre of North Attleboro, Inc.* 305 Mass. 265, 268, 269. *Mellace* v. *John P. Squire Co.* 306 Mass. 515, 516. *Flaherty's Case*, 316 Mass. 719, 723. *Brownhill* v. *Kivlin*, 317 Mass. 168.

Assuming a duty of care, a finding of negligence in the manufacture and bottling of the perfume was proper if the jury found a greater likelihood, within the interpretation of that expression in *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246, 250, and *Smith* v. *Rapid Transit, Inc.* 317 Mass. 469, 470, that the harmful ingredient found its way into the bottle through want of care of the defendant or its servants than through excusable accident or the act of a stranger or some other cause for which the defendant would not be responsible. *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373, 377. *Ruffin* v. *Coca Cola Bottling Co.* 311 Mass. 514. *Roberts* v. *Frank's Inc.* 314 Mass. 42, 46. *Lubell* v. *Turner,* 314 Mass. 245, 248. *McCabe* v. *Boston Consolidated Gas Co.* 314 Mass. 493, 496. *Duggan's Case,* 315 Mass. 355, 358, 359.

In this case the defendant had full control of the manufacture of the perfume and the filling of the bottle. No examination of the contents of the bottle by any middleman or retailer was practicable. There was evidence that when bought by the plaintiff the perfume "was still in the same condition as when bottled by the defendant," that the contents of the bottle were harmful, and that the defendant did not know all the ingredients used. Assuming a duty of care, we think that a finding was warranted that in some way the defendant was negligent. If the plaintiff had bought the perfume directly from the defendant, a verdict in her favor on the ground of negligence would have been supported by the evidence. *Doyle* v. *Continental Baking Co.* 262 Mass. 516. *Navien* v. *Cohen,* 268 Mass. 427. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234. *Vozella* v. *Boston & Maine Railroad,* 296 Mass. 491. *Garrett* v. *M. McDonough Co.* 297 Mass. 58. *Liberatore* v. *Framingham,* 315 Mass. 538, 542, 543. *Lech* v. *Escobar,* 318 Mass. 711. *Gangi* v. *Adley Express Co. Inc.* 318 Mass. 762. *Grant* v. *Australian Knitting Mills, Ltd.* [1936] A. C. 85, 101. *Clark* v. *Army & Navy Co-operative Society, Ltd.* [1903] 1 K. B. 155. Compare *Kusick* v. *Thorndike & Hix, Inc.* 224 Mass. 413; *Ruffin* v. *Coca Cola Bottling Co.* 311 Mass. 514; *McCabe* v. *Boston Consolidated Gas Co.* 314 Mass. 493, in which no negligence was shown.

The main question in this case is whether the plaintiff is to be denied relief in this action of tort for negligence merely because she had no contractual relation to or privity of contract with the defendant.[1] We need not discuss the declaration (see *Mitchell* v. *Lonergan,* 285 Mass. 266, 271; *Gahn* v. *Leary,* 318 Mass. 425), for unless the plaintiff is to be denied relief on the ground of want of privity of contract we see nothing defective in the declaration. Therefore we address ourselves to the main question whether a manufacturer of perfume can be liable for negligence to a remote vendee.

Plainly the defendant, when it manufactured and bottled its perfume, including the bottle in question, and put it into the channels of trade, expected that those channels would carry each bottle into the hands of some ultimate consumer who would be likely to apply the contents to her skin. If any bottle should contain a harmful ingredient, injury to some unknown consumer rather than to a middleman or retailer must have been anticipated.

In principle, a manufacturer or other person owning or controlling a thing that is dangerous in its nature or is in a dangerous condition, either to his knowledge or as a result of his want of reasonable care in manufacture or inspection, who deals with or disposes of that thing in a way that he foresees or in the exercise of reasonable care ought to foresee will probably carry that thing into contact with some person, known or unknown, who will probably be ignorant of the danger, owes a legal duty to every such person to use reasonable care to prevent injury to him.[2]

---

[1] Of course in an action of contract, such as an action upon an express or implied warranty, want of privity of contract would be a defence. *Colby* v. *First National Stores Inc.* 307 Mass. 252. *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529, 530, 531. *Hampson* v. *Larkin,* 318 Mass. 716. *Pearlman* v. *Garrod Shoe Co. Inc.* 276 N. Y. 172. *Chanin* v. *Chevrolet Motor Co.* 89 Fed. (2d) 889, 111 Am. L. R. 1235. *Rachlin* v. *Libby-Owens-Ford Glass Co.* 96 Fed. (2d) 597.

[2] The present case does not require consideration of the limitations put upon the principle in Am. Law Inst. Restatement: Torts, § 395, that the plaintiff must be one of "those who lawfully use it for a purpose for which it is manufactured" or one of those "whom the supplier should expect to be in the vicinity of its probable use." A similar idea apparently is expressed by Lord Atkin in *Donoghue* v. *Stevenson,* [1932] A. C. 562, 581, in his requirement that there be "proximity" in the sense of "such close and direct

This statement of the principle conforms to the rule that a failure to take special precaution against a danger that is only remotely possible is not negligence. *Marengo* v. *Roy*, 318 Mass. 719. In the application of the principle it is immaterial whether or not the conduct of a defendant amounted to a breach of the contract between him and the immediate buyer from him. The duty is not created by contract, but is an instance of the general human duty not to injure another through disregard of his safety. [1]

The principle stated in the preceding paragraph has been applied in many decisions. In *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340, the defendant deposited an abandoned metal tank upon a dump on land of a stranger. The defendant should have realized that the tank still contained a poisonous gas and that someone would be likely to try to salvage parts of the metal. Two persons did so, and were killed by inhaling the gas. In permitting recovery for their deaths, we said (page 343), "In principle it makes no difference whether the dangerous article is started on its way toward contact with the injured person by sale or by depositing it in some frequented spot." In *Mitchell* v. *Lonergan*, 285 Mass. 266, the plaintiff was hurt through a defect in an automobile in which he was riding as a guest of one

---

relations that the act complained of directly affects a person whom the person alleged to be bound to take care would know would be directly affected by his careless act." The present case is well within those limitations. Neither does the present case require us to decide whether less than a probability of injury may suffice *See* § 395, *supra*.

[1] In *Carter* v. *Towne*, 98 Mass. 567, Gray, J., said, "By the well settled rule of the common law, a person who negligently uses a dangerous instrument or article, or causes or authorizes its use by another person, in such a manner or under such circumstances that he has reason to know that it is likely to produce injury, is responsible for the natural and probable consequences of his act to any person injured, who is not himself in fault. The liability does not rest on privity of contract between the parties to the action, but on the duty of every man so to use his own property as not to injure the persons or property of others." In *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64, 67, *Boston & Albany Railroad* v. *Shanly*, 107 Mass. 568, 576, and *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 444, a similar statement was made as to a defendant putting in circulation a thing known by him to be dangerous. In *Glanzer* v. *Shepard*, 233 N. Y. 236, the plaintiffs were allowed to recover their loss incurred by paying too much for beans because of the negligent error of the defendants, public weighers employed by the seller, although there was no privity of contract between the parties. Compare *Ultramares Corp.* v. *Touche*, 255 N. Y. 170, 74 Am. L. R. 1139; *Harriman* v. *New York, Chicago & St. Louis Railroad*, 253 N. Y. 398.

to whom the defendant had let it without proper inspection. Recovery in tort was allowed, although there was no contractual relation between the parties. In *Sojka* v. *Dlugosz*, 293 Mass. 419, the plaintiff recovered for being accidentally shot by a boy to whom the defendant had entrusted a gun without proper instruction. In *Barabe* v. *Duhrkop Oven Co.* 231 Mass. 466, the supplier of a defective oven to a tenant was held liable to the landlord for a fire caused thereby. In *Barrett* v. *Builders' Patent Scaffolding Co. Inc.* 311 Mass. 41, a painter recovered against one who had furnished a defective scaffolding to his employer. The principle is further illustrated by *Guinan* v. *Famous Players–Lasky Corp.* 267 Mass. 501, and *Farley* v. *Edward E. Tower Co.* 271 Mass. 230. See also *Stevens* v. *Reyn*, 220 Mass. 332; *Galliher* v. *Stewart*, 310 Mass. 77, 80.

In the celebrated case of *MacPherson* v. *Buick Motor Co.* 217 N. Y. 382, the Court of Appeals, speaking by Cardozo, J., held the manufacturer of an automobile liable to a remote vendee for injury caused by failure properly to inspect a wheel, bought from another maker, which had in it a hidden but discoverable defect that caused it to collapse. And in *Smith* v. *Peerless Glass Co. Inc.* 259 N. Y. 292, the same court held the manufacturer of the bottle in which carbonated water was put up by another, liable to a waitress at a soda stand who was hurt by the explosion of a weak bottle negligently furnished for the purpose. Probably the principle has never been stated better than by Lord Atkin and Lord Macmillan in *Donoghue* v. *Stevenson*, [1932] A. C. 562, the famous "snail in the bottle" case, and by Lord Wright in *Grant* v. *Australian Knitting Mills, Ltd.* [1936] A. C. 85, 105 Am. L. R. 1483, the case of the underwear which contained a chemical injurious to the skin.

Of course there are limits to that principle. One is that where the person injured comes into contact with the dangerous thing only by a trespass or as a bare licensee, the right of the owner to use his property as he pleases, short of maintaining a nuisance, precludes any duty of care to any such person even though his presence on the property could

have been foreseen.[1]  Another is that a manufacturer may be absolved from blame because of a justified reliance upon inspection by a middleman.  *In re New York Dock Co.* 61 Fed. (2d) 777.  Still another is that the causal relation of a manufacturer's negligence to the injury may be broken by the intervention of a superseding cause (*Whitehead* v. *Republic Gear Co.* 102 Fed. [2d] 84; *Wissman* v. *General Tire Co. of Philadelphia, Inc.* 327 Penn. St. 215), such as some negligence or fault of another, whereby the manufacturer's negligence ceases to be the proximate cause of the injury.[2]  In the present case no evidence of any superseding cause appears.  The retailer apparently had no opportunity to discover the character of the contents of the bottle without destroying its salability.  But even where there is some intervening negligence of another, that may not constitute a superseding cause if it could have been foreseen.[3]

There are practical dangers in the application by juries of the principle under discussion.  These are not apparent in the present case, in which tampering with the contents of the bottle would have been most unlikely.  But where the thing in question is subject to change by wear or crystallization or deterioration or neglect or unskilful repair or improper handling, perhaps in a course of years, there is danger that juries may overlook the nearer causes and wrongly attribute the injury to some antecedent neglect of the manufacturer or supplier, and do so at a time when

---

[1] *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340, 345.  *Bruso* v. *Eastern States Exposition,* 269 Mass. 21.  *Margosian* v. *Markarian,* 288 Mass. 197.  *Mikaelian* v. *Palaza,* 300 Mass. 354.  *Haskins* v. *Grybko,* 301 Mass. 322.  *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519.  *Carroll* v. *Hemenway,* 315 Mass. 45.  *Scott* v. *Boston Elevated Railway,* 318 Mass. 31.  *Marengo* v. *Roy,* 318 Mass. 719.

[2] *McDonald* v. *Snelling,* 14 Allen, 290.  *Carter* v. *Towne,* 103 Mass. 507.  *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47.  *Glynn* v. *Central Railroad,* 175 Mass. 510.  *Huset* v. *J. I. Case Threshing Machine Co.* 120 Fed. 865, 867.

[3] *Turner* v. *Page,* 186 Mass. 600.  *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352.  *Farley* v. *Edward E. Tower Co.* 271 Mass. 230, 238, 239.  *Pudlo* v. *Dubiel,* 273 Mass. 172, 175.  *Mitchell* v. *Lonergan,* 285 Mass. 266, 270, 271, and cases cited.  *Morrison* v. *Medaglia,* 287 Mass. 46, 49–51.  *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340, 343, 344.  *Wallace* v. *Ludwig,* 292 Mass. 251, 255.  *Robinson* v. *Weber Duck Inn Co.* 294 Mass. 75.  *Bellows* v. *Worcester Storage Co.* 297 Mass. 188, 195–197.  *Leveillee* v. *Wright,* 300 Mass. 382.  *Malloy* v. *Newman,* 310 Mass. 269, 275, 276.  *Kralik* v. *LeClair,* 315 Mass. 323.  *Bannon* v. *Peerless Weighing & Vending Machine Corp.* 318 Mass. 607.

he cannot recall forgotten events. *Lynch* v. *International Harvester Co. of America,* 60 Fed. (2d) 223. *Gorman* v. *Murphy Diesel Co.* (Del. Super.) 29 Atl. (2d) 145. *Auld* v. *Sears, Roebuck & Co.* 288 N. Y. 515. *Curtin* v. *Somerset,* 140 Penn. St. 70, 80. Questions of causation tax the reasoning powers of judges as well as jurors. These practical dangers, in conjunction with an erroneous notion that any duty of care on the part of the manufacturer or supplier must be based on contract, and with the false assumption that some superseding cause must have intervened between any fault and the injury, led to decisions that cannot be reconciled with the principle already stated, and to an asserted "general rule" that a manufacturer or supplier is never liable for negligence to a remote vendee or other person with whom he has had no contractual relation. *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123, 124. *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 149. *Huset* v. *J. I. Case Threshing Machine Co.* 120 Fed. 865, 867, 868. Winfield, 34 Col. L. Rev. 41.

That asserted general rule had its origin in *Winterbottom* v. *Wright,* 10 M. & W. 109, decided in 1842. The declaration in that case did not allege negligence on the part of the furnisher of a mail coach, but alleged merely that he furnished an unsafe coach in violation of his contract, with the result that the coach broke down and hurt the plaintiff coachman. Since the plaintiff was not a party to the contract upon which he based his claim, there can be no doubt that the demurrer was rightly sustained. *Donoghue* v. *Stevenson,* [1932] A. C. 562, 588, 589, 608. *MacPherson* v. *Buick Motor Co.* 217 N. Y. 382, 392. But Lord Abinger indulged in dicta that have formed the basis for that asserted general rule of nonliability. Notwithstanding its questionable origin, and its variance from the principles of torts, that asserted general rule was generally accepted by the courts of England and America, including this court. [1]

---

[1] *Davidson* v. *Nichols,* 11 Allen, 514, 518. *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, 343. *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123, 124, 17 Am. L. R. 669. *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 149. *Pitman* v. *Lynn Gas & Electric Co.* 241 Mass. 322, 323. *Tonsman* v. *Greenglass,* 248 Mass. 275, 277. *Christensen* v. *Bremer,* 263 Mass. 129, 136.

Almost as soon as that asserted general rule had been laid down, the requirements of justice in particular cases impelled the courts to make exceptions to it, whereby various classes of things potentially dangerous were taken out of that general rule and brought within the operation of the principle discussed earlier in this opinion. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 511. *Farley* v. *Edward E. Tower Co.* 271 Mass. 230, 233, 238. It is hard to find a rational basis for a differentiation among dangerous things that produced such diverse results.

One of those exceptions excluded food and beverages for human beings from the asserted general rule of nonliability. *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 149. *Newhall* v. *Ward Baking Co.* 240 Mass. 434, 436. *Tonsman* v. *Greenglass,* 248 Mass. 275, 277. *Sullivan* v. *Manhattan Market Co.* 251 Mass. 395. *Doyle* v. *Continental Baking Co.* 262 Mass. 516. *Bergantino* v. *General Baking Co.* 298 Mass. 106. *Johnson* v. *Stoddard,* 310 Mass. 232, 140 Am. L. R. 186. *Minutilla* v. *Providence Ice Cream Co.* 50 R. I. 43, 63 Am. L. R. 334. Another exception excluded articles used on the owner's premises by his invitation. *Hayes* v. *Philadelphia & Reading Coal & Iron Co.* 150 Mass. 457. *Huset* v. *J. I. Case Threshing Machine Co.* 120 Fed. 865, 870, 871. *Heaven* v. *Pender,* 11 Q. B. D. 503. *Elliott* v. *Hall,* 15 Q. B. D. 315. [1]

---

*Giberti* v. *James Barrett Manuf. Co.* 266 Mass. 70, 73. *Smith* v. *Davidson Rubber Co.* 306 Mass. 617. *Huset* v. *J. I. Case Threshing Machine Co.* 120 Fed. 865. See also *Robichaud* v. *Owens-Illinois Glass Co.* 313 Mass. 583; *McCabe* v. *Boston Consolidated Gas Co.* 314 Mass. 493. But in *Holland* v. *Good Brothers, Inc.* 318 Mass. 300, the question of the existence of any such asserted general rule was left open. And in *Ruffin* v. *Coca Cola Bottling Co.* 311 Mass. 514, a decision in favor of the defendant where a customer of a retailer was injured by the bursting of a bottle was put on the ground that there was no evidence of negligence. In *Cadogan* v. *Boston Consolidated Gas Co.* 290 Mass. 496, the defendant apparently escaped liability to the family of a purchaser of gas only because the danger was too obvious to require warning. See also *Thomas* v. *Lane,* 221 Mass. 447, 450.

[1] Another ground of liability to a remote vendee existed where a manufacturer made false representations to the ultimate consumer, giving rise to an action for deceit. *Roberts* v. *Anheuser Busch Brewing Association,* 211 Mass. 449. *Newhall* v. *Ward Baking Co.* 240 Mass. 434. *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164. *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529. *Bragdon* v. *Perkins-Campbell Co.* 87 Fed. 109. *Chanin* v. *Chevrolet Motor Co.* 89 Fed. (2d) 889, 111 Am. L. R. 1235. *Rachlin* v. *Libby-Owens-Ford Glass Co.* 96 Fed. (2d) 597. *Commissioners of the State Ins. Fund* v. *City Chemical Corp.* 290 N. Y. 64. *Cunningham* v. *C. R. Pease House Furnishing Co.* 74 N. H. 435.

But the most important exception was that of things described as "imminently," "intrinsically," or more often "inherently" dangerous, such as explosives, highly inflammable substances, and poisonous drugs. *Thomas* v. *Winchester,* 6 N. Y. 397. *Norton* v. *Sewall,* 106 Mass. 143. *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, 343. *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593. *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123. *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 149. The intimation in our cases was that a thing could. not be called "inherently" dangerous when it was dangerous only if negligently made, prepared, or used. See *Berman* v. *Greenberg,* 314 Mass. 540, 543.

All these exceptions as at first understood and applied in this Commonwealth left a large field for the application of the asserted general rule of nonliability in the absence of privity of contract. In a number of cases manufacturers. invoking that general rule were absolved from responsibility for the consequences of their want of care.[1] But there was constant pressure to expand the concept of "inherently dangerous" things and to narrow correspondingly the things covered by the asserted general rule of nonliability. *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 149, 150. Even in Massachusetts, the exception grew to include things dangerous only in combination with other anticipated forces. *Farley* v. *Edward E. Tower Co.* 271 Mass. 230, 234, 235. The leading case of *MacPherson* v. *Buick Motor Co.* 217 N. Y. 382, 387, 389, broadened the exception still farther to include things dangerous only when negligently made or prepared. In New York, a manufacturer has been held liable for an injury caused by the breaking

---

[1] *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341 (no liability to employee of remote purchaser of emery wheel that burst). *Burnham* v. *Lincoln,* 225 Mass. 408 (no liability to nurse in family of purchaser of carboy that broke). *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147 (no liability to remote purchaser of poultry feed that killed fowls). *Pitman* v. *Lynn Gas & Electric Co.* 241 Mass. 322 (negligent dealer not liable to borrower from purchaser of defective gas flatiron). *Giberti* v. *James Barrett Manuf. Co.* 266 Mass. 70 (no liability to child of tenant of purchaser of hot water tank that exploded). *Smith* v. *Davidson Rubber Co.* 306 Mass. 617 (leaky hot water bottle not an "inherently dangerous" article because "harmless in kind and dangerous only by reason of a defect therein").

of the handle of a coffee urn full of hot water (*Hoenig* v. *Central Stamping Co.* 273 N. Y. 485), but not for the breaking of the handle of an automobile door. *Cohen* v. *Brockway Motor Truck Corp.* 240 App. Div. (N. Y.) 18. The question in each case was whether the danger was sufficient to require the manufacturer to guard against it. For a historical review of this exception and its growth, see Bohlen, 45 L. Q. Rev. 343.

The doctrine of the *MacPherson* case is now generally accepted. Am. Law Inst. Restatement: Torts, §§ 394–402. Harper, Torts (1933) § 106. Prosser, Torts (1941) 206–210, 673–688. Winfield, Torts (1937) 430, 566–569, 572–579. Seavey, 52 Harv. L. Rev. 376–379. Jeanblanc, 24 Va. L. Rev. 134. Feezer, 37 Mich. L. Rev. 1. Its acceptance has brought all dangerous things into the same class as the "inherently dangerous" things to which the principle already stated has always been applied. The *MacPherson* case caused the exception to swallow the asserted general rule of nonliability, leaving nothing upon which that rule could operate. Wherever that case is accepted, that rule in truth is abolished, and ceases to be part of the law. Yet some courts have continued to render lip service to it (*Spencer* v. *Madsen*, 142 Fed. [2d] 820; *Macres* v. *Coca-Cola Bottling Co. Inc.* 290 Mich. 567), and it has been stated in cases which were really decided for the defendant on the ground of want of negligence. *E. I. Du Pont de Nemours & Co.* v. *Baridon*, 73 Fed. (2d) 26. *Amason* v. *Ford Motor Co.* 80 Fed. (2d) 265. *Borg-Warner Corp.* v. *Heine*, 128 Fed. (2d) 657. *Rotche* v. *Buick Motor Co.* 358 Ill. 507. *Stevens* v. *Allis-Chalmers Manuf. Co.* 151 Kans. 638. *Tayer* v. *York Ice Machinery Corp.* 342 Mo. 912.

In many recent cases that asserted general rule of nonliability to persons not in privity of contract has been denied, either in terms or in effect, and the principle stated earlier in this opinion has been applied. [1]

---

[1] *Donoghue* v. *Stevenson*, [1932] A. C. 562. *Grant* v. *Australian Knitting Mills, Ltd.* [1936] A. C. 85, 105 Am. L. R. 1483. *Mathews* v. *Coca-Cola Co. of Canada Ltd.* (1944) Ont. 207, (1944) 2 D. L. R. 355. *Johnson* v. *Cadillac Motor Car Co.* 261 Fed. 878, 8 Am. L. R. 1023. *Reed & Barton Corp.* v. *Maas*, 73 Fed. (2d) 359. *Barrett Co.* v. *Bobal*, 74 Fed. (2d) 406. *Egan Chevrolet*

The time has come for us to recognize that that asserted general rule no longer exists. In principle it was unsound. It tended to produce unjust results. It has been abandoned by the great weight of authority elsewhere. We now abandon it in this Commonwealth.

Upon the principle of liability that is stated earlier in this opinion and that governs this case, the verdict in favor of the plaintiff was warranted. There was error in entering a verdict for the defendant under leave reserved. The plaintiff's exceptions are sustained. Those of the defendant are overruled. Judgment is to be entered in favor of the plaintiff upon the verdict returned by the jury.

*So ordered.*

---

Co. v. Bruner, 102 Fed. (2d) 373. *Liggett & Myers Tobacco Co.* v. *De Lape,* 109 Fed. (2d) 598. *General Accident, Fire & Life Assurance Corp. Ltd.* v. *Goodyear Tire & Rubber Co.* 132 Fed. (2d) 122. *General Motors Corp.* v. *Johnson,* 137 Fed. (2d) 320. *Sieracki* v. *Seas Shipping Co. Inc.* 149 Fed. (2d) 98. *Miles* v. *Chrysler Corp.* 238 Ala. 359. *Sheward* v. *Virtue,* 20 Cal. (2d) 410. *Escola* v. *Coca Cola Bottling Co. of Fresno,* 24 Cal. (2d) 453. *Gorman* v. *Murphy Diesel Co.* (Del. Super.) 29 Atl. (2d) 145. *Payton's Administrator* v. *Childers' Electric Co.* 228 Ky. 44. *Ebers* v. *General Chemical Co.* 310 Mich. 261. *Krahn* v. *J. L. Owens Co.* 125 Minn. 33. *Zesch* v. *Abrasive Co. of Philadelphia,* 353 Mo. 558, 156 Am. L. R. 469. *Lenz* v. *Standard Oil Co. of New York,* 88 N. H. 212. *Heckel* v. *Ford Motor Co.* 101 N. J. L. 385, 39 Am. L. R. 989. *Cassini* v. *Curtis Candy Co.* 113 N. J. L. 91. *Slavin* v. *Francis H. Leggett & Co.* 114 N. J. L. 421; *S. C.* 117 N. J. L. 101. *MacPherson* v. *Buick Motor Co.* 217 N. Y. 382. *Smith* v. *Peerless Glass Co. Inc.* 259 N. Y. 292. *Noone* v. *Fred Perlberg, Inc.* 268 App. Div. (N. Y.) 149. *Sicard* v. *Kremer,* 133 Ohio St. 291. *Crane Co.* v. *Sears,* 168 Okla. 603. *Saganowich* v. *Hachikian,* 348 Penn. St. 313. *Collette* v. *Page,* 44 R. I. 26. *S. Blickman, Inc.* v. *Chilton,* (Tex. Civ. App.) 114 S. W. (2d) 646. *Reusch* v. *Ford Motor Co.* 196 Wash. 213. *Bock* v. *Truck & Tractor, Inc.* 18 Wash. (2d) 458. *Flies* v. *Fox Brothers Buick Co.* 196 Wis. 196, 60 Am. L. R. 357. *Marsh Wood Products Co.* v. *Babcock & Wilcox Co.* 207 Wis. 209.