**TODD SHIPYARDS CORPORATION v. UNITED STATES et al.**

No. 33.

District Court, D. Maine, S. D.

Jan. 14, 1947.

Nathan W. Thompson, of Portland, Me. and Crowell & Rouse, of New York City, for libelants.

Albert T. Gould, of Boston, Mass., Fred C. Scribner and Sigred E. Tompkins, both of Portland, Me., specially for Steel Produts Co.

PETERS, District Judge.

The libellant here seeks to recover for damage to its property caused by the failure of a boom block alleged to be due to negligence in its construction by the manufacturer, respondent Steel Products Company.

The block was not purchased of that company by the libellant, but was furnished by the Navy Department for which the libellant was repairing a vessel when the block broke,—according to the allegations in the libel.

The respondent, Steel Products Company, has filed what is entitled a plea to the jurisdiction. It takes the form of a motion to dismiss because no cause of action is stated, either in admiralty or under the common law.

I do not think the point that the action is one for a breach of warranty is well taken. I think the action is one for a maritime tort and consider that the substantial question raised by the motion is whether the libellant, who has suffered injury to its property, must be denied the right to recover damages for the alleged negligence because it had no contractual relation to or privity of contract with the defendant manufacturer.

That the case is one of maritime tort and that the applicable principles of the law involved are a part of the general law of torts, maritime as well as common law, I feel assured, and I think that view is supported by the case of Sieraki v. Seas Shipping Co., 3 Cir., 149 F.2d 98.

Assuming that position to be correct, then the argument for the Steel Products Company runs like this:—There is a doctrine or general rule to the effect that the manufacturer of an article is not liable for negligence in its manufacture to a third person with whom he has had no contractual relations: from time to time the requirements of justice have compelled the courts to make exceptions to this rule,—notably where human life and safety were concerned and the article or product is inherently dangerous; but, it is argued, there is no clear-cut case where an exception has been extended to cover property damage as distinct from personal injury, and it is urged that the courts should be slow and

reluctant to make another exception authorizing recovery for damage to property.

 I think the answer to that argument is that if we consider the rule as in force, and that this is a matter of enlarging the exceptions, there is no reasonable ground for making a distinction between injury to property and injury to the person. How can a general principle authorizing recovery of damages for the negligent act of another permit a man to recover for a sprained ankle and not for the destruction of his house? The real answer to the argument, however, is that the asserted rule relied on, though formerly widely followed, has shrivelled up and died in the light of modern reason and authority. This is clearly shown in the well-considered and fully documented opinion of the Supreme Judicial Court of Massachusetts by Judge Lummus in the recent case of Carter v. Yardley & Co., Ltd., 319 Mass. 92, 64 N.E. 2d 693, 164 A.L.R. 559. See also Spencer v. Madsen, 10 Cir., 142 F.2d 820, Sieraki v. Seas Shipping Co., supra, and Laclede Steel Co. v. Silas Mason Co., D.C., 67 F. Supp. 751.

The celebrated case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas.1916C, 440, of course, started the new line of thought which, in a way, culminated in the Massachusette case of Carter v. Yardley & Co. In this last case the Court points out the questionable origin of the asserted general rule of non-liability without privity of contract, and says [319 Mass. 92, 64 N.E.2d 700]:

"The doctrine of the MacPherson case is now generally accepted. Am.Law.Inst. Restatement: Torts, ss. 394–402; Harper, Torts (1933) § 106. Prosser, Torts (1941) 206–210, 673–688; Winfield, Torts (1937), 430, 566–569, 572–579; Seavey, 52 Harv. L.Rev. 376–379; Jeanblanc, 24 Va.L.Rev. 134; Freezer, 37 Mich.L.Rev. 1. Its acceptance has brought all dangerous things into the same class as the 'inherently dangerous' things to which the principle already stated has always been applied. The MacPherson case caused the exception to swallow the asserted general rule of non-liability, leaving nothing upon which that rule could operate. Wherever that case is accepted, that rule in truth is abolished, and ceases to be a part of the law. * * *

"In many recent cases that asserted general rule of nonliability to persons not in privity of contract has been denied, either in terms or in effect, and the principle stated earlier in this opinion has been applied.

"The time has come for us to recognize that that asserted general rule no longer exists. In principle it was unsound. It tended to produce unjust results. It has been abandoned by the great weight of authority elsewhere. We now abandon it in this Commonwealth."

The rule has not sufficient vitality to survive such a body-blow as the above and I feel compelled to regard it as no longer in force.

It follows that the motion of the Steel Products Company to dismiss the libel should be denied and that defendant should file an answer.