*Southern District*

## GEORGE REMEDIS
### v.
## TRI-CITY CONCRETE CO., INC.

*Cox, J.* This is an action of contract or tort to recover for injuries allegedly sustained from contact with mixed concrete prepared and delivered by the defendant.

The case was tried and has been argued on the theory of tort, the plaistiff having conceded that

there was no privity of contract between him and defendant on which to base a claim for breach of warranty.

There was a finding for the defendant. The judge reported the case because the plaintiff claimed to be aggrieved by the judge's findings, rulings and failure to rule as requested.

The defendant is engaged in the business of manufacture and distribution of wet concrete. The plaintiff was a member of the Montello Rod and Gun Club which purchased from the defendant a load of wet, mixed concrete. The concrete was delivered to the club house in the defendant's mechanical mixer and poured by means of a shute attached to the mixer, into the cellar where the plaintiff and two other men were waiting to receive and spread it. The concrete, as made by the defendant, contained as its ingredients: Portland cement, washed sand, screened gravel and fresh water from city mains. The proportions were approximately 517 pounds of cement, 1800 pounds of sand, 1500 pounds of screened gravel and 38½ gallons of water.

The plaintiff, whose regular employment involved the handling of concrete, and his two companions, worked for about two and one-half hours spreading the concrete. *In the course of the work, the concrete came in contact with the lower extremities of the plaintiff's body and those of his two companions.* After the work was finished, the plaintiff took a shower bath and washed off particles of the mixture. He then noticed that his knees and legs and those parts of his body which had come in contact with the wet concrete, were unnaturally red. The next morning, the points of contact were burned, blistered, and painful. *They were medically diagnosed as second and third degree burns on both knees and shins. "His hands were a little red."* There was evidence of a "dust-like covering" over the knees and shins described as particles of cement, some of which were embedded in the skin. The plaintiff's two companions received similar, but less serious, injuries. There was

evidence that in all his prior experience in handling cement, the plaintiff had never received such injuries.

The judge's findings were substantially the foregoing. He concluded that "Obviously, there was some substance in the concrete and cement delivered which was harmful and caused the plaintiff's injuries. It is not a matter of common knowledge, nor can I take judicial notice, that any substance which formed a constituent part of the product delivered is, in itself, harmful or deleterious. It was not proved that improper mixing of the parts could cause harm. From testimony, the most likely cause of the harm to the plaintiff came from the cement. It is common knowledge that 'Portland cement' is a trade name for that product, and it did not appear that the defendant was a manufacturer, nor that it knew, or ought to have known, that there was any deleterious substance in it.

"The plaintiff has failed to sustain the burden of proving negligence."

The rulings which the plaintiff requested and the judge denied, were No. 2, that the evidence does not warrant a finding for the defendant; No. 5, that the defendant was negligent in failing to discover that the cement was in a dangerous condition at the time of manufacture or through want of later inspection; No. 6, that the defendant was negligent in not taking proper precautions; No. 12, that upon all the evidence, there is a danger sufficient to require the manufacturer to guard against it; and No. 13, that on all the evidence, there are grounds for a reasonable inference that according to ordinary experience, the injury complained of would not have occurred except for the negligence of the defendant.

The plaintiff bases his claim of a right to recover on what he contends is the authority in *Carter v. Yardley & Co. Ltd.*, 319 Mass. 92.

*Carter v. Yardley & Co. Ltd.*, 319 Mass. 92, 96, 97, established that "In principle, a manufacturer or other person owning or controlling a thing that is dangerous in its nature or is in a dangerous condition,

either to his knowledge or as a result of his want of reasonable care in manufacture or inspection, who deals with or disposes of 'that thing in a way that he foresees or in the exercise of reasonable care ought to foresee will probably carry that thing into contact with some person, known or unknown, who will probably be ignorant of the danger, owes a legal duty to every such person to use reasonable care to prevent injury to him. This statement of the principle conforms to the rule that a failure to take special precaution against a danger that is only remotely possible is not negligence. *Marengo v. Roy,* 318 Mass. 719. In the application of the principle it is immaterial whether or not the conduct of a defendant amounted to a breach of the contract between him and the immediate buyer from him. The duty is not created by contract, but is an instance of the general human duty not to injure another through disregard of his safety."

This principle which makes a manufacturer liable for negligence as a result of which a person, known or unknown, is injured, was held in *Carter v. Yardley,* 319 Mass. 92, to be subject to limits. One such limit is described (p. 99) to be that "the causal relation of a manufacturer's negligence to the injury may be broken by the intervention of a superseding cause (*Whitehead v. Republic Gear Co.* 102 Fed. (2d) 84; *Wissman v. General Tire Co. of Philadelphia, Inc.* 327 Penn. St. 215), such as some negligence or fault of another, whereby the manufacturer's negligence ceases to be the proximate cause of the injury."

In addition to illustrating the limits to the principle, the Court, in *Carter v. Yardley,* 319 Mass. 92 made it clear that the plaintiff in these cases still has the burden to prove negligence against the defendant. *Ruffin v. Coca Cola Bottling Co.,* 311 Mass. 514, 516; *McCabe v. Boston Consolidated Gas Company,* 314 Mass. 493, 496; *Hamson v. Standard Grocery Company,* 328 Mass. 263.

Guided by the clear pronouncements in the case of *Carter v. Yardley,* 319 Mass. 92, it is our opinion

that the judge was warranted in reaching his conclusion that the plaintiff has failed to sustain the burden incumbent upon him to prove the defendant negligent. It was the judge's opinion that on the evidence, the most likely cause of the harm to the plaintiff came from the cement. We cannot say that such an opinion was warranted. That being so, it is logical that the injury to the plaintiff was caused by a harmful ingredient which found its way into the concrete through the act of a stranger for whose actions the defendant was not shown to be responsible in *Carter v. Yardley*, 319 Mass. 92, 95, 99. A conclusion is equally logical and warranted that it was not incumbent upon the defendant to take special precaution against a danger that was only remotely possible in an operation such as that here described, namely, the mixing of concrete. *Morengo v. Roy*, 318 Mass. 719.

The most that can be said for the legal position of the plaintiff is that a finding in his favor may have been warranted, a circumstance which the judge recognized in allowing the plaintiff's first request that there was evidence to warrant a finding for the plaintiff. That was a correct method which the judge employed in treating with the first request. There was no inconsistency on his part in denying the defendant's second request, that the evidence does not warrant a finding for the defendant, as the plaintiff contends, because the judge rested his decision, as was his right, on the view of the evidence unfavorable to the plaintiff. *Liberatore v. Framingham*, 315 Mass. 538, 541, 542. There was no error in the denial of the plaintiff's second request.

We perceive no error of law in the judge's denial of the plaintiff's 5th, 6th, 12th and 13th requests for rulings. They were, in effect, requests for findings of fact, or were rendered immaterial by the judge's findings. *Daniel v. Frank Paul Jardin & another*, 320 Mass. 764. Denial of the 12th and 13th requests may also be sustained on the ground that they each lack the specification required by Rule 27 of Rules of the

District Courts (1952). *Hurley v. Alfred Orsteen*, 311 Mass. 477, 480.

We need not discuss the defendant's requests for rulings, for if there were any inconsistencies between the action of the judge taken in connection with them and his general finding for the defendant, which, upon examination, we are unable to observe, the plaintiff's remedy was by a motion to correct the alleged inconsistency or by a motion for a new trial. *Biggs v. Michael Densmore*, 323 Mass. 106.

*Report Dismissed.*