**VESSEL JUDITH LEE ROSE, INC.,**
**Plaintiff, Appellant,**

v.

**PAULSEN–WEBBER CORDAGE CORP.,**
**Defendant, Appellee.**

**No. 6849.**

United States Court of Appeals
First Circuit.

Heard May 1, 1967.

Decided May 8, 1967.

Solomon Sandler, Gloucester, Mass., for appellant.

Hiller B. Zobel, Boston, Mass., with whom Sumner H. Babcock and Bingham, Dana & Gould, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff, Vessel Judith Lee Rose, Inc., purchased a shackle for use on its fishing vessel from one Dulong, who had previously purchased the shackle from the defendant, Paulsen-Webber Cordage Corp. The defendant had not manufactured the shackle, but had purchased it from a foreign manufacturer who maintained no place of business in the United States. After having been used on the plaintiff's vessel for several years the shackle broke, permitting a part of the vessel's rigging to fall and kill a member of the crew. Asserting unseaworthiness, the deceased crew member's dependents recovered a substantial judgment against the plaintiff in the district court. The plaintiff thereupon instituted this action to recover over from the defendant.

It is clear from a reading of the plaintiff's complaint that the present action is one of implied warranty. The plaintiff has stipulated that the defect in the shackle was latent, that the defendant was in no way negligent, and that the defendant made no express warranties to the plaintiff of any kind. Therefore, notwithstanding some suggestions in plaintiff's brief that admiralty principles should be extended because, under admiralty principles, plaintiff was subject to certain liabilities without fault, nevertheless it is clear that the substantive law of Massachusetts controls. Since the plaintiff did not purchase the shackle from the defendant there is no privity between them. Under the Massachusetts cases it is well established that absence of privity bars an action for implied warranty. Sullivan v. H. P. Hood & Sons, Inc., 1960, 341 Mass. 216, 223, 168 N.E.2d 80; Carter v. Yardley & Co., Ltd., 1946, 319 Mass. 92, 96 n. 1, 64 N.E.2d 693, 164 A.L.R. 559; Pearl v. Wm. Filene's Sons Co., 1945, 317 Mass. 529, 530–531, 58 N.E.2d 825. Accordingly, this action must fail.

Affirmed.