*Municipal Court of the*
*City of Boston*

No. 245170
& 257391

**LEO COYNE**

v.

**JOHN S. TILLEY CO., INC.**
and
**LEO COYNE**

v.

**LYNN LADDER CO.**

Argued: Sept. 29, 1972 - Decided: Oct. 5, 1972

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Spec. J.

Case tried to *Elam, J.*

**Adlow, C.J.** Two actions of tort in which plaintiff seeks to recover for injuries resulting from the collapse of a ladder manufactured by the defendant John S. Tilley Co., Inc. (hereinafter referred to as "Tilley") and sold by the defendant Lynn Ladder Co., Inc. (hereinafter referred to as "Lynn").

There was evidence that on or about May 12, 1969, Leo Coyne, while using a ladder owned by his employer, which ladder was manufactured by Tilley and sold to his employer by Lynn, was caused to fall and suffer serious injury. In separate actions Coyne seeks to recover from Tilley and Lynn. For convenience these actions have been tried together and are now consolidated into a single report.

At the trial there was evidence tending to show that the ladder in question, which was a six foot aluminum step ladder, was purchased by the plaintiff's employer, York Realty Co. (York) from Warren Electrical and Hardware Supply Co. (Warren). Warren had purchased

the ladder from Lynn Ladder Co. on March 26, 1969. Warren sold the ladder to York on March 27, 1969. On or about May 12, 1969 while working for York as a night cleaner, the plaintiff was engaged in washing the door and overhead transom at 262 Washington Street, Boston. While on the ladder, the leg of the ladder allegedly collapsed inward at a 45 degree angle, throwing the plaintiff to the floor causing him injury. Prior to the accident the ladder appeared free of defects. On May 19, 1969 York returned the ladder in its damaged condition to Warren from which it purchased it, and received credit for it. Warren thereupon notified Lynn of the accident which thereupon notified Tilley, its supplier.

There was evidence that at the time of shipment by the manufacturer, the ladder was inspected and examined and found free of defects. There was further evidence by Lynn that before shipping the ladder it was examined and found free of defects. The plaintiff himself testified that prior to the accident "the ladder appeared free of defects, the legs were straight, the finish was clean and bright and it appeared new." Pictures of the ladder after the accident were offered in evidence. Warren notified Lynn of the accident in May 1969; Lynn notified Tilley of the accident on June 27, 1969.

At the close of the evidence the plaintiff filed requests for rulings in both cases. There was a finding for the plaintiff against Tilley, and

for the defendant in the action against Lynn. It is unnecessary to consider the requests of both parties seriatim. It is only necessary to test the merit of this report by examining the facts and determining whether, under any version of the plaintiff's evidence, there is sufficient evidence in either case to warrant a finding for the plaintiff. In our opinion there is not.

As a general proposition a manufacturer or distributor of an article may be liable to anyone, regardless of privity, who may reasonably be expected to suffer injury in its use. Restatement, Torts, § 395. *MacPherson* v. *Buick Motor Co.*, 217 N.Y. 382. *Donoghue* v. *Stevenson*, (1932) A.C. (Eng.) 562. *Grant* v. *Australian Knitting Mills Ltd.*, (1936) A.C. (Eng.) 85. *Carter* v. *Yardley*, 319 Mass. 92. The basis of liability in these cases is negligence and the conduct required is that of a reasonable man under the circumstances.

The care must correspond to the demands imposed by the probable or forseeable consequences to the plaintiff. *Palsgraf* v. *Long Island Rr. Co.*, (1928) 248 N.Y. 339. There must be knowledge of the probable danger. *MacPherson* v. *Buick Motor Co.*, 217 N.Y. 382. *Borg-Warner Corp.* v. *Heine*, 128 F.2d 657. On the other hand, a failure to take special precautions against a danger that is only remotely possible is not negligence. *Marengo* v. *Ray*, 318 Mass. 719. *Palsgraf* v. *Long Island Rr. Co.*, 248

N.Y. 339. What is important to remember is that while the *MacPherson* case broadened the range of liability so as to give the victim of negligence a right of action, regardless of privity, it did not change the nature of the action. It did not impose conditions of absolute liability or make the defendant an insurer. *Kalash* v. *Los Angeles Ladder Co.*, 1 Cal. (2nd) 229, 235. This issue must be resolved on the basis of simple common law principles governing liability for negligence.

In this state of the law an examination of the facts reveals a ladder of modest proportions, made of aluminum, which was inspected at each stage of its transfer from manufacturer, to the eventual vendee. At each stage it was found to be sound and suitable for the purpose for which it was made. Prior to the accident the plaintiff himself examined it and found it free of any break or defect. Nor need we overlook the fact that this ladder was only six feet tall.

A six foot aluminum ladder is not in and of itself inherently dangerous. Unless ordinary examination or inspection revealed a defect or infirmity, neither the manufacturer nor the distributor owed any further duty to probe for hidden defects. Furthermore, there was no evidence tendered by the plaintiff, who had the burden of proving negligence, that in the ladder business others had experienced similar mishaps to that suffered by the plaintiff. In the absence of such evidence what reason was

there for a manufacturer to anticipate the collapse of a ladder which was only six feet tall and was only supporting a window washer at the time of the accident?

▪ It is possible that there might have been a latent defect in the aluminum which might explain the sudden collapse of the ladder, but this could only be explained by a metallurgist. In similar causes experts have been employed to assist the court. *Kalash* v. *Los Angeles Ladder Co.,* 1 Cal. (2nd) 229, 235. *Guinan* v. *Famous Players Lasky Corp.,* 267 Mass. 501.

Other facts merit attention. There is no evidence of the weight or gauge of the aluminum. Nor is there any evidence furnished by experts or people familiar with aluminum ladders to indicate whether the ladder in issue could sustain the weight of a full grown man. Nor is there any evidence to prove that the collapse of the ladder was due to an inherent and latent defect in the aluminum.

▪ The mere fact that an accident has happened, with nothing more, is not evidence of negligence. Many accidents may occur without anyone's fault. *Amason* v. *Ford Motor Co.,* 80 Fed. 2nd 265. The act of standing on an object which raises one above the ground places on the actor a duty of unusual care to avoid falling. In common experience many persons have fallen from ladders which were in perfect condition, and the legal requirement of safety

belts for window washers testifies to the hazards involved in the employment. If the pursuit of this profession on the solid and fixed sills of modern buildings entails such hazards, how much more hazardous to the participant is the use of a mobile and light ladder? The practice calls for a high degree of care in maintaining one's equilibrium and balance. Under these circumstances there is much doubt as to just why the plaintiff fell. Whether the plaintiff fell because the foot of the ladder twisted, or the foot of the ladder twisted because the plaintiff fell, is a matter of conjecture. Evidence which is equally consistent with two hypotheses tends to support neither. *E. I. DuPont De Nemours & Co.* v. *Baridor,* 73 F.2d 26, 31.

The evidence did not warrant a finding for the plaintiff in either case.

**Finding for the plaintiff Coyne vacated. Finding for defendants to be entered in both cases.**

WALTER G. MURPHY of Boston
   for the Plaintiff

CARROLL EDWARD AYERS of Boston
   for the Defendant John S. Tilley Co. Inc.

JOSEPH SHAIR of the Defendant
   Lynn Ladder Co., Inc.