**Eva COOPER, Administratrix, Plaintiff, Appellant,**

v.

**R. J. REYNOLDS TOBACCO COMPANY, Defendant, Appellee.**

**No. 5074.**

United States Court of Appeals
First Circuit.

May 24, 1956.

Marvin A. Stern, Boston, Mass., Samuel Stern, Boston, Mass., on the brief, for appellant.

John L. Hall, Boston, Mass., Stuart C. Rand, Brinley Hall, Rhodes G. Lockwood, and Choate, Hall & Stewart, Boston, Mass., on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment entered November 10, 1955, in the United States District Court for the District of Massachusetts dismissing plaintiff's substitute complaint with costs to the defendant.

In this action the plaintiff, Eva Cooper, administratrix of the estate of her late husband, Joseph Cooper, sought damages for his pain, suffering and death. Cooper was alleged to have died from lung cancer caused by smoking a certain brand of the defendant's cigarettes. The action originated in the Superior Court of the Commonwealth of Massachusetts. The declaration at that time contained three counts. Subsequently a substitute declaration was filed likewise containing three counts.

The defendant petitioned to remove the action on the ground of diversity of citizenship, and on September 13, 1954, filed an answer to the substitute declaration in the district court. At the hearing of the objections to plaintiff's interrogatories on November 18, 1954, the court below indicated dissatisfaction with the substitute declaration, which had already

been answered, and gave plaintiff sixty days in which to amend. The court said:

"Under those circumstances, I do not think I should now have to rule or even consider argument with reference to interrogatories. I may, however, suggest to you it is very desirable in your amendment to the complaint you speak much more specifically than you have in your original complaint. If you have, for example, and I use it only by way of example, two theories, one based on deceit and the other based on negligence, I think that the complaint ought to be so framed as to make it very clear what representation you say is the basis of the action of deceit, and if you are claiming negligence in another count, I think it ought to be very clear what you say is the duty, the breach of which gives rise to the cause of action.

"Because, so far as I am concerned, I shall encourage a motion to dismiss. I have no intention whatsoever of trying this case on the facts unless there is a cause of action validly pleaded."

Subsequently the court commented: "What I want to know is what it is that the defendant asserted which was false."

On January 17, 1955, plaintiff filed a motion to amend the substitute declaration by adding four new counts while retaining the three original counts to which an answer had been made. Defendant moved on February 16, 1955, to dismiss the complaint as amended or to strike the amendment and to dismiss the complaint. This motion was heard on May 24, 1955, at which time the court indicated increasing dissatisfaction with the pleadings. The court said:

"I will strike Count VII, and I will now give you thirty days in which to file one substitute complaint, not a series of amendments to prior pleadings here, in which substitute complaint you may set forth, if you see fit a cause of action for deceit and a cause of action for negligence; such allegations in general to correspond with what I have suggested here. If you are unable to do it clearly and concisely, in such form that I feel I can adequately understand the pleadings for purposes of making rulings at the trial and for the purpose of charging the jury, I shall, without giving you any further opportunity to amend, dismiss the case on the general ground that you have in a most aggravating manner failed to comply with the Rules of Civil Procedure, which require a simple and concise statement of your complaint."

On June 21, 1955, plaintiff filed a substitute complaint setting forth ten counts in all. Defendant moved on June 30, 1955, "to dismiss the action because of the plaintiff's persistent and flagrant disregard of the requirements of Rule 8 of the Federal Rules of Civil Procedure [28 U.S.C.A.] and because of the plaintiff's manifest failure to comply with the court's instructions regarding the complaint." The motion was heard on October 31, 1955, plaintiff's attorney failing to make an appearance. The court ruled as follows:

"Pursuant to the motion filed by the defendant, I dismiss the plaintiff's complaint on the following grounds, each of which is to be considered separately as well as cumulatively:—

"(1) The complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

"(2) The complaint is so drafted that it could not satisfactorily be used by a judge for the purpose of making rulings during the course of a trial.

"(3) The complaint is drafted in such a prejudicial manner as to make it improper for submission to a jury, as is the practice in connection with pleadings in this district.

"(4) The plaintiff failed to comply with the specific directions given by the Court on May 24, 1955.

"(5) The plaintiff has had at least three previous opportunities to file an appropriate complaint and, on May 24, 1955, I made it plain that no further opportunities would be given after this last one afforded on May 24. Costs to go to the defendant."

Without pausing to consider plaintiff's contention that the pleadings in this case must be adjudicated in accordance with Massachusetts law, we turn directly to plaintiff's contention that the substitute declaration, amended declaration, and/or the substitute complaint satisfied the requirements of the relevant rules of the Federal Rules of Civil Procedure and in particular Rule 8 thereof.

 It is our view of this case that if any single count of the two declarations or the substitute complaint meets the requirements of Rule 8, then the dismissal of the action would constitute an abuse of judicial discretion. We believe that it is each individual count which should be tested for simplicity and brevity under the requirements of Rule 8—not the entire complaint as an indiscriminate whole. In other words the mere incorporation of additional counts should not of itself be regarded as necessarily tending to defeat the requirements of the Rule. It is entirely conceivable, of course, that a situation might arise wherein such a great number of variations upon the same basic claim might be introduced into a complaint so that the mere necessity of reading the various counts to determine their individual merit might constitute an oppressive burden upon the court. We believe there is no such case here.

 Although Count V [1] of the substitute complaint appears to contain cer-

1. "Count V

"The plaintiff says

"(a) That she is the duly appointed Administratrix of the Estate of her late husband, Joseph Cooper.

"(b) That the defendant, R. J. Reynolds Tobacco Company is a corporation organized under the laws of New Jersey, having an usual place of business in Boston, Massachusetts.

"(c) That on or about December 15, 1951 and for about two years thereafter, the defendant advertised in newspapers, substantially as follows:

"20.000 *doctors say that 'Camel' cigarettes are healthful.*

"That the defendant thereby represented to the deceased, Joseph Cooper, and to the public at large, that its 'Camel' cigarettes were wholesome, fit for use and unlikely to cause any harm or disease whatever,

and by television on or about December 15, 1951 and daily thereafter advertised substantially as follows:

" *'Camel' cigarettes are harmless to the respiratory system.*

"That the defendant thereby represented to the deceased, Joseph Cooper, and to the public at large, that its 'Camel' cigarettes were wholesome, fit for use and unlikely to cause any harm or disease whatever,

and on radio, on or about December 15, 1951 and daily thereafter, advertised substantially as follows:

" *'Camel' cigarettes are harmless to the respiratory system.*

"That the defendant thereby represented to the deceased, Joseph Cooper, and to the public at large, that its 'Camel' cigarettes were wholesome, fit for use and unlikely to cause any harm or disease whatever, all to the effect that the cigarettes manufactured by it were wholesome and fit for use, not only by the deceased, Joseph Cooper, precipitately, but by the public at large.

"(d) That the defendant thereby represented to the deceased, Joseph Cooper, and to the public at large, that its 'Camel' cigarettes were wholesome, fit for use and unlikely to cause any harm or disease whatever.

"(e) That said representation whenever made, as heretofore stated was untrue and known to be untrue by the defendant at the times made.

"(f) That the defendant intended that the said Joseph Cooper and other members of the public should rely thereon and purchase said 'Camel' cigarettes.

"(g) That said Joseph Cooper did rely thereon and did purchase on many occasions, 'Camel' cigarettes and no others.

"(h) That said Joseph Cooper was thereby deceived, defrauded and persuaded to use 'Camel' cigarettes and to suffer, by reason thereof, a cancer of the lung to develop, which caused him great pain, suffering and damage, as alleged in his writ and the plaintiff prays for judgment."

tain elements of mild redundancy and a few brief references to evidentiary matters, we are of the opinion that it would be improper to hold that this count violates Rule 8, which requires in (f) that "all pleadings shall be so construed as to do substantial justice." See Keene Lumber Co. v. Leventhal, 1 Cir., 1948, 165 F. 2d 815. Accordingly we believe that the granting of the motion to dismiss cannot be justified by any reference to Rule 8, which at most, in our view, could only justify the court in striking those particular counts which proved offensive to the Rule.

The court gives as its second reason for dismissal of the action that "the complaint is so drafted that it could not satisfactorily be used by a judge for the purpose of making rulings during the course of a trial." Whereas this statement is doubtless true of the complaint taken as a whole, we believe it has no valid application to Count V.

The third reason for dismissal of the action was that "the complaint is drafted in such a prejudicial manner as to make it improper for submission to a jury * * *." We find nothing prejudicial in Count V.

■ For its fourth reason the court asserts that "the plaintiff failed to comply with the specific directions given by the Court on May 24, 1955." In our view of this case, the plaintiff has made at least a partial compliance as evidenced by Count V. Failure to comply with respect to other counts would justify the granting of a motion to strike those particular counts, but would not be a valid reason for denying plaintiff the benefit of those counts which successfully met the court's requirements.

■ We believe in Count V the plaintiff has clearly, correctly, and with reasonable conciseness set forth a cause of action in deceit. As to the other counts we express no opinion.

The judgment of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

MAGRUDER, Chief Judge (concurring).

I concur in the opinion and judgment of the court.

It appears from the transcript that on May 24, 1955, the district court had a hearing on the sufficiency of the complaint as it then stood, including Count V, which at that time was entirely different from the rewritten Count V in the substitute complaint filed June 21, 1955. The old Count V merely alleged that the defendant had manufactured and offered for sale a brand of cigarettes containing "poisonous, deleterious, diseased, contaminated, filthy, putrid and decomposing substances which were injurious to the health and unfit for use or consumption by the general public," with the allegations that plaintiff's intestate smoked said cigarettes and was thereby caused to suffer an illness which subjected him to great expense for medicines and hospitalization, etc. In the colloquy between the court and counsel for the plaintiff at the hearing on May 24, 1955, the court pressed counsel for an interpretation of the theory on which Count V, as it then stood, was based. Counsel responded that under Count V the defendant manufacturer would be liable even if the manufacturer did not know that there was a deleterious product in the cigarette, and even if the manufacturer had no reason to know that there was such a deleterious product in the cigarette, if there was in fact a deleterious product therein, unknown to the manufacturer and undiscoverable by him. In a memorandum filed by the district judge at the conclusion of this hearing he stated: "I shall allow any amended or a substitute complaint which clearly and concisely states a cause of action in deceit and/or a cause of action in negligence framed upon any theory explicitly set forth in either any Massachusetts case or in the Restatement of the Law of Torts. In particular, an action in deceit may be alleged on the basis either that the defendant knew the matter to be otherwise than as represented, or knew that it had no adequate basis for its state-

ment." It seems to me that the plaintiff, in the rewritten Count V of the substitute complaint filed June 21, 1955, complied in substance with this direction of the court. Count V as thus rewritten set forth that the defendant in newspaper advertising and television broadcasts had made the express representation that its "Camel" cigarettes were harmless to the respiratory system; that such representation was in fact untrue "and known to be untrue by the defendant at the times made"; that the defendant intended plaintiff's intestate and other members of the public to rely on such representation; that plaintiff's intestate did rely on said representation and was deceived thereby, being persuaded to purchase and use such cigarettes, by reason whereof a cancer of the lung developed which caused him great pain, suffering and damage, for which the plaintiff prayed judgment. I think this rewritten Count V sets forth plainly all the elements of a conventional action of deceit, in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. And cf. Huntress v. Blodgett, 1910, 206 Mass. 318, 324, 92 N.E. 427.

In revised Count V of the substitute complaint, the plaintiff as administratrix was suing under the Massachusetts survival statute to enforce the cause of action accruing to her intestate during his lifetime for conscious pain and suffering and for pecuniary damages. Count VIII of the substitute complaint was just the same so far as the allegations of fraud were concerned but was brought under the Massachusetts Death Act to recover for the ensuing wrongful death of the intestate. I think that what the opinion of this court says about Count V applies with equal force to Count VIII.

I may also observe that the type of harm here alleged is not an intangible pecuniary loss caused to the plaintiff by acting in reliance on a misstatement; but rather the complaint charges tangible bodily injuries to the intestate. Therefore it may be that under the Massachusetts law the plaintiff is not limited by the conventional requirements of an action of deceit. See Prosser on Torts (2d Ed. 1955) p. 144 and § 86. In Massachusetts the doctrine of MacPherson v. Buick Motor Co., 1916, 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, has been accepted, whereunder a manufacturer who puts out in commerce an article which he knows, or ought to know, is likely to cause tangible harm to the person or property of another, may be liable, on a theory of negligence, for resulting bodily injuries to a remote user of the product, though there is no privity of contract between the plaintiff and the defendant. Carter v. Yardley & Co., Ltd., 1946, 319 Mass. 92, 64 N.E.2d 693, 164 A.L.R. 559. And cf. Sylvania Electric Products, Inc., v. Barker, 1 Cir., 1955, 228 F.2d 842, certiorari denied 1956, 350 U.S. 988, 76 S.Ct. 475.

WOODBURY, Circuit Judge (dissenting).

The question here as I see it is not whether somewhere buried in the verbiage of the amended complaint there can be unearthed a statement of a cause of action. In my view the underlying question instead is whether the plaintiff's "pleading," which I understand to be her complaint, as finally amended, embodies a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a) (2), F.R. C.P. This Rule states a basic and certainly a salutary principle of pleading. The court below gave plaintiff's counsel fair warning of its intention to invoke the Rule, and with commendable patience it gave plaintiff's counsel ample opportunity to conform his pleading to its requirement. Nevertheless, counsel for the plaintiff, instead of simplifying his complaint, flouted the District Court's directions and piled Pelion upon Ossa by adding successive counts, eventually to the number of ten. This, in a simple tort case like the present, impresses me as in itself a violation of the Rule. That is to say, I do not interpret the Rule as requiring the District Court to subject the complaint to minute and painstaking scrutiny to see if somewhere lurking in

its prolixity there may be found a statement of a claim entitling the plaintiff to relief. The Rule, as I read it, requires the plaintiff to state her claim with brevity and clarity; it does not require the court to edit it for her. Furthermore, even if the counts be considered separately, in no one of them can I discover the "short and plain statement" of a cause of action that the Rule requires. I think the District Court was abundantly justified in dismissing the plaintiff's complaint and that in the interest of clarity and conciseness in pleading its action ought to be affirmed.