Eva COOPER

v.

R. J. REYNOLDS TOBACCO CO.

Civ. A. No. 54-500.

United States District Court
D. Massachusetts.

Dec. 26, 1957.

Samuel Stern, Boston, Mass., for plaintiff.

John L. Hall, Claude R. Branch, Brinley M. Hall, Rhodes G. Lockwood, Choate, Hall & Stewart, Boston, Mass., for defendant.

WYZANSKI, District Judge.

This case now comes before the Court on defendant's motion of November 21, 1957 for summary judgment and plaintiff's motion of November 22, 1957 to default defendant for failure to answer plaintiff's interrogatories filed October 7, 1957.

Three and a half years ago plaintiff began in the Massachusetts Superior Court an action against defendant, which it removed to this Court. The declaration, originally filed in the state court, sought damages for the suffering and death of plaintiff's late husband due to lung cancer alleged to have been caused by defendant. It seems that the original claims, although stated in different ways, were based exclusively on the theory of allegedly false representations of defendant.

January 17, 1955 plaintiff amended the complaint to set forth additional claims apparently based on defendant's alleged negligence. It was not transparent just what duty it was claimed defendant had toward plaintiff, nor was it transparent just what breach of that duty was claimed in the negligence counts.

This Court was troubled by the ambiguity of this amended complaint. In every litigation clarity and simplicity of statement are desiderata. But here there is special need for these qualities. First, this case involves the most grievous losses sustained by plaintiff. Second, this case involves factual issues of a type not previously tried in this District: that is, there never has been a determination of the basis of liability, if any, of a tobacco manufacturer for lung cancer suffered by a cigarette smoker. Third, clarity in stating the issues in a case of first impression is particularly necessary so that counsel may put proper questions to witnesses, so that the court may make proper rulings during the trial, and so that the court may charge adequately on the relevant legal propositions. Fourth, the public interest in this case requires safeguards to insure that the jury will be rationally led to its verdict, and not overwhelmed by the prejudice so likely to surround this controversy.

Having in mind these considerations, this Court on May 24, 1955 directed plaintiff to file a simpler complaint. This Court stated that the substitute complaint could set forth a cause of action for negligence as well as for deceit. The transcript of the colloquy makes it clear that this Court had in mind that plaintiff might wish to assert a claim founded on the liability of a manufacturer for making an article which he knew or ought to know was harmful to consumers. Of course, the Court also recognized that, for want of proof, for unwillingness to leave herself open to a possible defense of assumption of risk, or for some other reason, plaintiff might not want to assert such a theory.

In purported compliance with the Court's order of May 24, 1955, plaintiff on June 21, 1955 filed a substitute complaint in ten counts. So far as this Court could discern in 1955, this pleading at best referred to claims founded on de-

fendant's alleged willful misrepresentations, defendant's alleged negligent representations, and defendant's alleged breach of warranty. This Court could not find any suggestion of a claim founded on defendant's alleged duty as a "manufacturer who puts out in commerce an article which he knows, or ought to know, is likely to cause tangible harm to the person or property of another" [See Magruder, C. J. in Cooper v. R. J. Reynolds Tobacco Co., 1 Cir., 234 F.2d 170, 175].

Believing that even this substitute complaint, dated June 21, 1955, did not meet the standards of Fed.Rules Civ. Proc. Rule 8, 28 U.S.C.A., this Court on November 10, 1955 dismissed the pleading and entered judgment for defendant. The Court of Appeals reversed. See its opinions filed May 24, 1956, Cooper v. R. J. Reynolds Tobacco Co., 1 Cir., 234 F.2d 170. That Court held that the substitute complaint stated at least an action for deceit. It left other parts of the complaint for further determination by this Court.

When the case was remanded here, defendant moved to strike all parts of the substitute complaint except Counts V and VIII which are the deceit counts specifically adverted to by the Court of Appeals. Examining the substitute complaint afresh and with the guidance of the opinions of the Court of Appeals, this Court concluded that the motion was well founded. All the other counts are either redundant or are founded on an alleged breach of warranty. There is no count premised on the manufacturer's liability in tort for putting out in commerce articles which it knew or should have known were dangerous to the person; that is, there is no invocation of the doctrine of Carter v. Yardley & Co., 319 Mass. 92, 64 N.E. 2d 693, 164 A.L.R. 559. Insofar as the complaint presents some claim other than claims for deceit and negligent misrepresentation, it sounds in contract, and offers a theory not recognized under Massachusetts law. Under the local law a person not in privity with a manufacturer cannot recover from it in an action sounding in contract and claiming breach of warranty. This being the legal situation, and this Court, being still mindful of the special need for clarity in this litigation, on November 20, 1956 struck from the complaint every part except Counts V and VIII.

Counts V and VIII of the substitute complaint refer to damages respectively for suffering and for death. However, each presents the same theory of the cause of these different damages. The full text of Count V is set forth in 234 F.2d 170, 173. Its gist, like that of Count VIII, is that Cooper's lung cancer was caused by his reliance upon defendant's two representations that "20,000 doctors say that 'Camel' cigarettes are healthful" and " 'Camel' cigarettes are harmless to the respiratory system".

It is thus transparent that for plaintiff to succeed it must show that defendant made at least one of those representations and that Mr. Cooper relied upon it.

Confident that there is no such evidence, defendant on November 21, 1957 moved for summary judgment. It attached to the motion affidavits of the chairman of its board of directors and the president of its advertising agency that defendant made no such representations. But this is not all on which defendant relies. First, plaintiff has offered no counter-affidavits. Second, defendant has offered to allow plaintiff's counsel full access to its advertising files at its home office, but plaintiff's counsel has not chosen to take advantage of this opportunity. Third, defendant has explored plaintiff's knowledge by filing interrogatories on May 7, 1957 and July 12, 1957. Plaintiff filed answers June 13, 1957 and August 15, 1957. On September 12, 1957 the Court warned that these answers were inadequate, and noted the risk that if plaintiff had no better evidence than she had indicated she might lose the case on a motion for summary judgment. After this warning, plaintiff on November 1, 1957 filed further answers. These make it plain

that the plaintiff's evidence consists of defendant's representations that "more doctors smoke Camels than any other cigarette," and that Camels will "agree with your *throat*". [Note that nothing is said of the lungs or the respiratory system.] These are not the representations alleged in the substitute complaint. They would invite quite a different line of inquiry of witnesses; they would invoke quite a different set of rulings on the law, and they would seem to suggest kinds of damages different from lung cancer.

But plaintiff contends that her attempt to get evidence supporting her side of the case has been blocked by defendant's refusal to answer some of plaintiff's interrogatories filed October 7, 1957. Plaintiff makes this contention not only to defeat defendant's motion for summary judgment but also to support her motion to default defendant. In both aspects the contention is unsound. In her interrogatories of October 7, 1957 plaintiff asked defendant to disclose all advertisements in which it made the specific representations set forth in the complaint, and also all other advertisements in which defendant made certain other and different representations. Defendant answered that there were no advertisements in which it made the specific representations; but it declined to answer interrogatories involving the other advertisements. The defendant was within its rights in so declining. The only representations of defendant which are relevant are those set forth in the complaint,—they are the only representations which plaintiff claims that Mr. Cooper heard, or saw, or relied upon.

There being no evidence that defendant made the representations with which it is charged, and there being uncontradicted evidence from the defendant that no such representations were made, the defendant's motion of November 21, 1957 for summary judgment is granted, and plaintiff's motion of November 22, 1957 to default defendant is denied.