**Eva COOPER, Administratrix, Plaintiff, Appellant,**

v.

**R. J. REYNOLDS TOBACCO COMPANY, Defendant, Appellee.**

No. 5333.

United States Court of Appeals
First Circuit.

June 12, 1958.

Lester S. Cramer, Boston, Mass., with whom Samuel Stern, Boston, Mass., was on brief, for appellant.

Claude R. Branch, Boston, Mass., with whom John L. Hall, Rhodes G. Lockwood and Choate, Hall & Stewart, Boston, Mass., were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

## PER CURIAM.

This action was originally commenced in the Superior Court for Suffolk County, Massachusetts, on June 7, 1954. The plaintiff, as administratrix of the estate of her deceased husband, Joseph Cooper, sought recovery of damages from R. J. Reynolds Tobacco Company (1) under the Massachusetts Survival Statute, to enforce an alleged cause of action accruing to her intestate during his lifetime for conscious pain and suffering and pecuniary damages as the result of his contraction of lung cancer from smoking a certain brand of defendant's cigarettes, and (2) under the Massachusetts Death Act, G.L. c. 229, § 1 et seq., to recover for the ensuing wrongful death of the intestate.

Upon petition by the defendant, the action was removed to the United States District Court for the District of Massachusetts. There followed extensive proceedings in the district court, which need not now be stated in detail. The district judge, having been dissatisfied with the prolixity of the allegations in the complaint, gave leave to the plaintiff "to file one substitute complaint, not a series of amendments to prior pleadings here, in which substitute complaint you may set forth, if you see fit, a cause of action for deceit and a cause of action for negligence". In compliance with this leave, plaintiff filed a substitute complaint setting forth ten counts in all, on June 21, 1955. Defendant moved to dismiss the substitute complaint because of the plaintiff's disregard of the requirements of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., "and because of the plaintiff's manifest failure to comply with the Court's instructions regarding the complaint." This motion the district court granted, and it entered judgment on November 10, 1955, dismissing the plaintiff's substitute complaint.

On appeal, a majority of this court were of opinion that Counts V and VIII of the substitute complaint set forth with reasonable conciseness, and in compliance with Rule 8, conventional causes of action in deceit, based upon alleged fraudulent representations contained in newspaper advertisements and radio and television broadcasts. We accordingly vacated the judgment of the district court and remanded the case to that court for further proceedings (1 Cir., 234 F.2d 170); though in all candor we must say that when we thus remanded the case for trial, we had no lively expectation that the plaintiff would ever be able to substantiate the causes of action for deceit set forth in Counts V and VIII.

In the course of the opinion of this court we stated as follows:

"The court gives as its second reason for dismissal of the action that 'the complaint is so drafted that it could not satisfactorily be used by a

judge for the purpose of making rulings during the course of a trial.' Whereas this statement is doubtless true of the complaint taken as a whole, we believe it has no valid application to Count V." [234 F.2d 174.]

When the case got back to the district court, that court entertained a motion by the defendant to strike all the counts of the substitute complaint except Counts V and VIII, which the court of appeals had approved. At a hearing on November 20, 1956, the district court granted this motion to strike, apparently with the acquiescence of plaintiff's counsel in the view that, as a result of the mandate of the court of appeals, only Counts V and VIII remained in the complaint. So far as appears, the further proceedings in the district court were based upon the assumption on all sides that the complaint before the court consisted solely of the allegations in Counts V and VIII.

■ We perceive no reversible error in the action of the district court in granting the defendant's motion to strike from the complaint all the counts except V and VIII.

Subsequently the defendant filed certain interrogatories with reference to allegations in Counts V and VIII that Joseph Cooper had relied upon representations in certain newspaper advertisements and television and radio broadcasts to the effect that "20,000 doctors say that 'Camel' cigarettes are healthful" and that such cigarettes "are harmless to the respiratory system". The interrogatories requested the plaintiff to state, as to each such representation upon which Joseph Cooper relied, the name and date of the newspaper publication and the name and date and identification of the television and radio programs. In response to these interrogatories, the plaintiff answered that the earliest newspaper advertisement upon which Cooper relied was published in the Boston Globe on or about March 12, 1951, and repeated in advertisements thereafter, to the effect that a nationwide survey indicated

that "More Doctors Smoke CAMELS than any other cigarette." As to the representations in the television and radio programs, plaintiff replied that she intended to rely upon representations in the programs on or about March 12, 1951, April 7, 1952, May 19, 1952, July 14, 1952, and October 6, 1952, to the general effect that Camel cigarettes are mild and agree with the throat.

On November 21, 1957, defendant filed a motion for summary judgment accompanied by an affidavit by the chairman of the board of directors of the defendant company and by an affidavit by the president of the defendant's advertising agency. The latter affidavit read in part: "No copy for advertisement of any kind for Camel Cigarettes was furnished for publication by any newspaper or other publication or by radio or television during said period [1951–1953] containing the words '20,000 doctors say that "Camel" Cigarettes are healthful' or ' "Camel" Cigarettes are harmless to the respiratory system', or containing other words with the same meaning." No opposing affidavits were filed by the plaintiff.

■ It is apparent from the uncontradicted affidavits, and from the plaintiff's answers to defendant's interrogatories, that there was no genuine issue of fact properly to be submitted to a jury, and therefore that the trial judge committed no error in entering a summary judgment for the defendant as permitted by Rule 56, F.R.C.P. 158 F.Supp. 22. This is entirely apart from the fact that our credulity would indeed be strained by an assumption that a fatal case of lung cancer could have developed in such a short period after the alleged smoking by Cooper of Camel cigarettes in reliance upon representations by the defendant in the various forms of advertising.

■ The district court's judgment dismissing the action pursuant to defendant's motion for summary judgment was entered on December 26, 1957. Thereafter, on January 7, 1958, when there was no complaint before the court to be amended, plaintiff filed a motion to amend

her substitute complaint. We think it clear that the district court had no power at that late stage to grant the motion, see United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453, 454, though the court did presumably still have power under Rule 60, F.R.C.P., to vacate its judgment of dismissal on any of the grounds available in Rule 60(b). But if it be assumed that the district court had power in its discretion to allow the further amendment of the complaint as urged in the plaintiff's motion of January 7, 1958, still we would be obliged to hold that the court committed no abuse of discretion in denying the motion. In that connection the court said:

> "I deny the motion to amend the substitute complaint—on the ground that judgment has already entered, and on the ground that this case has been so long in this Court and so much advice has been given to the plaintiff, both by the Court of Appeals and by this Court, which she chose to disregard, that it would be most unfair now to reopen the matter."

A judgment will be entered affirming the judgment of the District Court.