## TODD SHIPYARDS CORP. v. HARBOR SIDE TRADING & SUPPLY CO., Inc., et al.

### No. 19479.

United States District Court
E. D. New York.

Nov. 2, 1950.

Crowell & Rouse, New York City, for libelant. George R. Wagner, George L. Varian, New York City, of counsel.

A. I. Madison, Brooklyn, N. Y., for respondent Empire Electric Co., Inc.

GALSTON, District Judge.

The respondent, Empire Electric Co., Inc., filed exceptions to the amended libel, and now seeks by motion an order for the dismissal of the amended libel on the grounds set forth in the exceptions.

The libelant, which operates drydocks and ship repair yards, was employed in September 1948 to fit out and reconvert six vessels, four of which were at its Brooklyn plant, and two at its Hoboken plant. The libelant was required to install on each of these vessels two motor auxiliary generator units properly equipped for ship's lighting.

The Harbor Side Trading & Supply Co., Inc. supplied these units to the libelant for that purpose, having purchased them from the respondent, Empire Electric Co., Inc. That company had assembled or re-conditioned the units.

It appears that after installation of the equipment, some of the vessels, because of

failure of the installed equipment, suffered a break-down after having left the repair plant.

It is alleged that the damage and injury were solely due to and caused by the negligence of the Empire Company in the "manufacture, design and assembly of such equipment, and by the failure and neglect of the respondent, Harbor Side Trading & Supply Co., Inc. to furnish proper and sufficient equipment of represented capacity and fit for the purpose of becoming a part of said ship's lighting assemblies as aforesaid."

The answer of the Empire Company contains exceptions to the libel which recite the making of a contract on October 21, 1948 with the Harbor Side Trading & Supply Co., Inc. which provided for the purchase and sale of twelve motor generator sets. Pursuant to the terms thereof, the motor generator sets were guaranteed by Empire to the purchaser for one year from the date of shipment. The exceptions recite that the libelant was not a party to the agreement, and did not negotiate with the Empire Company in connection therewith; nor was the merchandise sold specified to be used in connection with maritime use, or for any particular ship, or in connection with ships. So the exceptions assert that there is no privity between the libelant and Empire, and that the subject matter of the contract between Empire and Harbor Side Trading & Supply Co., Inc. is not within the admiralty jurisdiction of this court.

The original libel in this action was dismissed by Judge Byers in D.C., 91 F.Supp. 462. In the course of the opinion, Judge Byers wrote concerning Article Ninth of the libel that it was compatible with an alleged breach of contract. The article read: "That said generator units were negligently and carelessly constructed and were inadequate, defective and unfit for the uses and purposes intended and failed under normal usage."

 Consequently, so far as the amended libel is grounded on a contract right, if any, against Empire, the decision of Judge Byers is the law of the case, for there is nothing in the amended libel to show any privity of contract between the libelant and the respondent, Empire. Judge Byers wrote that "The use of the adverbs 'negligently' and 'carelessly' does not serve to transmute the essential nature of the claim into a cause sounding in tort." The opinion also recites that the libel fails to allege injury to person or property, "thus distinguishing the cause as pleaded from Todd Shipyard Corporation v. United States et al., D.C., 69 F.Supp. 609, and Seas Shipping Co, Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099".

Articles Seventh, Eighth and Ninth of the amended libel seek to avoid the infirmities of the original libel.

Article Seventh of the amended libel is a recital of break-down and damage caused by a failure of the equipment supplied by Empire.

Article Eighth alleges that the damage and injury were caused solely by the negligence of the Empire, "in the manufacture, design and assembly of such equipment, and by the failure and negligence of the respondent, Harbor Side Trading & Supply Co., Inc. to furnish proper and sufficient equipment of represented capacity and fit for the purposes of becoming a part of said ship's lighting assemblies as aforesaid."

The libelant argues that the amended libel as to the respondent Empire sounds in tort.

In Netherlands American Steam Navigation v. Gallagher, 2 Cir., 282 F. 171, 176, the then Circuit Court of Appeals of this Circuit stated:

"The admiralty has jurisdiction of a suit to recover damages for a maritime tort that occurs on navigable waters, * * *. And the test by which it is determined whether the tort is a maritime one depends upon the locality of the person or thing injured at the time the injury is inflicted. * * *

"The term 'tort,' when used in reference to the admiralty jurisdiction, has been held not to be confined to wrongs or injuries committed by direct force, but to include those suffered in consequence of the negligence or malfeasance of others, when the remedy at common law is by action on the case. Leathers v. Blessing, 105 U.S. 626,

26 L.Ed. 1192". See also note 31, Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 228-229, 65 S.Ct. 639, 89 L.Ed. 901.

In Sidney Blumenthal & Co., Inc. v. United States et al., 2 Cir., 1929, 30 F.2d 247, the court held that action of the defendant-impleaded in transshipping goods shipped by libelant, on a steamer of a line other than the line designated in the bill of lading, constituted a "maritime tort" of which the admiralty court had jurisdiction, even though defendant-impleaded was under no obligation to libelant under the bill of lading.

█ Thus the fact that the respondent's alleged negligence occurred on land would not bar this action, since the injury complained of took place in a "locality" within admiralty jurisdiction. Moreover, lack of privity cannot defeat libelant's claim.

In Todd Shipyards Corporation v. United States et al., supra, a shipyard company was held entitled to recover in an action in admiralty from the manufacturer of a boom block for property damage caused when the block broke, even though the block was not purchased of the manufacturer, but was furnished by the Government, whose vessel libelant was repairing when the boom broke. Liability, in the absence of privity, was predicated on the doctrine of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N. E. 1050. The court concluded that there was no reasonable ground for making a distinction between injury to person and injury to property, illustrating the anomalous nature of such attempted distinction by contrasting a recovery for a sprained ankle with no recovery for the destruction of a house. Other cases have also allowed recovery for property damage based on the MacPherson doctrine. See, for example, Spencer v. Madsen, 10 Cir., 1944, 142 F.2d 820; Genesee County Patrons F. R. Ass'n v. L. Sonneborn Sons, 263 N.Y. 463, 189 N.E. 551.

The doctrine of the MacPherson case is recognized also in Johnson v. Cadillac Motor Car Co., 2 Cir., 261 F. 878. The test stated in Netherlands American Steam Navigation Co. v. Gallagher, supra, would make a tort under the MacPherson doctrine one within the admiralty jurisdiction in the circumstances as alleged here.

Whether the article of manufacture involved here is the sort to which the Mac-Pherson doctrine is applicable, viz., a product which is inherently dangerous or which would be dangerous for the use for which it is manufactured if negligently made, is not an issue on this motion. This question can be determined at the trial.

█ Libelant in its amended libel sets forth a cause of action for breach of warranty against respondent, Harbor Side Trading & Supply Co., Inc., as well as a cause of action against respondent Empire. The libel is not so precise as it might be in distinguishing the two causes of action. However, the allegations appearing in paragraphs "Seventh", "Eighth" and "Ninth" appear adequately to set forth a cause of action against Empire Electric Co., Inc. based upon negligence. As stated in Dampskibs Aktieselskabet Thor v. Tropical Fruit Co., 2 Cir., 1922, 281 F. 740, 742, " * * * it is the practice in admiralty to bring all parties before the court, and to determine the controversy on the merits as it appears from the proof, regardless of technicalities of pleadings—always assuming (as may be done here) that no party is surprised or injured by that equitable proceeding."

In view of the foregoing, the motion is denied. Settle order on notice.