Raul Segundo CASTILLO, Frederico Zapata Clark, Miguel Sanchez Cuevas, Hector Castro Suarez, Nestor Ortega, Manuel Bonilla, Juan Souiza, Juan Martinez and Roberto Sanchez, Libelants,

v.

ARGONAUT TRADING AGENCY, Inc., and Argonaut Navigation Company, Ltd., Respondents.

United States District Court
S. D. New York.
May 17, 1957.

Silas Blake Axtell, New York City, for libelant.

Krilin, Campbell & Keating, New York City, for respondents.

DIMOCK, District Judge.

Respondents have excepted to libelants' amended libel. Libelants are nine alien seamen who were employed on the SS Argovan, a Canadian flag vessel, owned and operated by respondent Argonaut Navigation Company, Ltd., a Canadian corporation. The amended libel alleges that these seamen were falsely imprisoned when the vessel reached Adelaide, Australia, and that this imprisonment was caused by officers and men employed by respondents. Argonaut Trading Agency, Inc., a New York agent for Argonaut Navigation Company, Ltd., is joined as a respondent.

Three of the exceptions are made by both respondents. They are (a) failure to state sufficient allegations to constitute a cause of action, (b) lack of admiralty jurisdiction over the alleged tort, and (c) *forum non conveniens*. In addition Ar-

gonaut Trading Agency, Inc. excepts on the ground that it is not a proper party and Argonaut Navigation Company, Ltd., excepts on the ground of laches. I shall discuss these exceptions in that order.

■■ (a) *Failure to state sufficient allegations to constitute a cause of action:*

The libel, in substance, alleges that libelants were wrongfully imprisoned in Australia and that this wrongful imprisonment was caused by respondents and their employees. For the purpose of this exception, all these allegations must be deemed true. Respondents correctly contend that there is no allegation that the imprisonment was unlawful or without legal authority. But specific words are not required; libelants' allegation that the imprisonment was "wrongful" suffices. Therefore, a cause of action for false imprisonment is stated.

■ (b) *Lack of admiralty jurisdiction over the alleged tort:*

Respondents argue that admiralty has jurisdiction only of torts committed on navigable waters or, at the very least, on board a vessel. Since the libel contains no allegation that the imprisonment occurred within these locations, respondents state the libel must be dismissed for lack of admiralty jurisdiction.

There is no doubt that a long line of cases had enunciated this "physical locality" rule of admiralty jurisdiction. In fact, the last vestige of this rule was recently applied by the Third Circuit in a case involving false imprisonment. Forgione v. United States, 3 Cir., 202 F.2d 249. But the rule has been completely abrogated in this circuit. In Kyriakos v. Goulandris, 2 Cir., 151 F.2d 132, 138, the court faced the issue whether an assault on shore against a member of the crew was justiciable in admiralty. The court quoted the following from O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 42, 63 S.Ct. 488, 492, 87 L.Ed. 596:

"[T]he admiralty jurisdiction over the suit depends not on the place where the injury is inflicted but on the nature of the service and its relationship to the operation of the vessel plying in navigable waters."

Holding this determinative of the question, the court stated "it made no difference that libelant was at the time on shore." See also Strika v. Netherlands Ministry of Traffic, 2 Cir., 185 F.2d 555.

Libelants allege that the false imprisonment arose out of a disagreement relating to conditions on board the vessel. Taking this allegation as true, the alleged tort would have a direct relationship to the operation of the vessel. Admiralty therefore has jurisdiction.

■■ (c) *Forum non conveniens:*

An admiralty court has discretion to refuse to take jurisdiction over a controversy between aliens where the tort was committed abroad. Respondents ask that I exercise this discretion and dismiss the libel.

The Supreme Court has stated that this discretion may only be exercised where "justice would be done as well by remitting the parties to the home forum." Charter Shipping Co., Ltd., v. Bowring, Jones & Tidy, Ltd., 281 U.S. 515, 518, 50 S.Ct. 400, 401, 74 L.Ed. 1008. That is not the case here, for respondents also aver that the statute of limitations would preclude suit in other available forums. Certainly justice would not thereby be accomplished. Respondents' exception on this ground is therefore overruled.

■ (d) *Argonaut Trading Agency, Inc. is not a proper party:*

Argonaut Trading Agency, Inc., was the sole respondent named in the original libel. That respondent then excepted to the libel on the ground that it did not own the vessel involved. Subsequently, libelants moved to amend their libel to add Argonaut Navigation Company, Ltd. as a respondent. In an affidavit in support of this motion, the proctor for libelants stated that

"investigations made on behalf of the libellants show that the S.S. "Argovan" is owned by the Argo-

naut Navigation Company, Ltd. of 276 St. James Street, Montreal, Canada."

In addition, the deposition of the President of the Argonaut Trading Agency, Inc., shows that his corporation has no managerial control over the vessel. Without ownership or control, that respondent cannot be liable for torts of the officers and men of the vessel. This exception is therefore sustained.

(e) *Laches:*

Argonaut Navigation Company, Ltd. was not joined as a respondent in this action until more than two years had elapsed after the cause of action accrued. The New York statute of limitations for false imprisonment requires that an action be commenced within two years. N.Y. Civil Practice Act, § 50. Unless there is a showing of no detriment to Argonaut Navigation Company, Ltd. by this delay, the libel must be dismissed. Redman v. United States, 2 Cir., 176 F.2d 713.

I have no doubt that libelants should have joined Argonaut Navigation Company, Ltd., at a much earlier date. There seems to be no excuse for their failure to do so and the libelants offer no excuse. But mere carelessness of libelants does not necessarily result in harm to respondent, even with the presumption in respondent's favor on this question of laches.

The President of Argonaut Trading Agency, Inc. stated in his deposition that his corporation acted as an agent for Argonaut Navigation Company, Ltd. It is inconceivable, after being apprised of the claim for damages by these libelants against the owner of the SS Argovan, that the Argonaut Trading Agency, Inc. did nothing but rest on its denial of ownership. I cannot believe that Argonaut Navigation Company, Ltd., its principal, was not immediately notified of the claim. Both respondents are represented by the same experienced proctors who undoubtedly notified Argonaut Navigation Company, Ltd. of the claim as soon as it was served upon Argonaut Trading Agency, Inc. Having received timely notice of the claim, albeit not directly, it would be difficult to hold that Argonaut Navigation Company, Ltd., was harmed by the delay in receiving a technically correct process.

In summary, the exception of Argonaut Trading Agency, Inc., that it is not a proper party is sustained; all other exceptions of both respondents are overruled.