**Emelio DI BENEDETTO, Plaintiff,**

v.

**MOLLER STEAMSHIP COMPANY, Inc., Steamship Company of 1912, and Steamship Company, Svendborg, Denmark, Defendants.**

**Civ. A. No. 20084.**

United States District Court
E. D. New York.
Dec. 14, 1959.

Irving Bushlow, Brooklyn, N. Y., for plaintiff, Thomas F. Frawkey, Brooklyn, N. Y., of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants, J. Ward O'Neill and Thomas F. Molanphy, New York City, of counsel.

ABRUZZO, District Judge.

The plaintiff moves to remand this action to the Supreme Court of the State of New York, County of Kings. This action was instituted by the plaintiff, a longshoreman, in the state court to recover damages for injuries sustained aboard the M/V Laura Maersk on July 18, 1958, against Moller Steamship Company, Inc., Steamship Company of 1912, and Steamship Company, Svendborg, Denmark. The action was removed to this Court by petition of the defendants, Steamship Company of 1912 and Steamship Company, Svendborg, Denmark, on the ground that it was one over which this Court had original jurisdiction and that there was diversity of citizenship between the plaintiff and these two for-

eign Danish companies. As to the defendant, Moller Steamship Company, Inc., apparently the case was treated by both attorneys as though the plaintiff was a citizen of the State of New York and the Moller Steamship Company, Inc., was a corporation organized under the laws of the State of New York.

The complaint in paragraph 1 alleges residence on the part of the plaintiff in the State of New York. In a letter dated December 1, 1959, sent to this Court by the attorney for the plaintiff and which was to be treated as a brief, the fourth paragraph states as follows:

"The complaint shows the plaintiff and Moller Steamship Co. are both citizens of New York and there is cause for the proper jurisdiction of the State Court."

There is no proof before me at this time that the plaintiff is a citizen of New York.

The plaintiff's motion to remand is based on the ground that as there was not diversity of citizenship as between plaintiff and Moller Steamship Company, Inc., it should be remanded pursuant to the decision in Romero v. International Term. Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368. In that case the plaintiff, a Spanish citizen, sued the owner of the ship, a Spanish citizen, and three other companies, New York corporations. The plaintiff's cause of action was dismissed as to all the parties. There was no question of remand in the Romero case and the decision turned upon an interpretation of the Jones Act, 46 U.S.C.A. § 688 which is statutory.

The complaint in the instant case states a cause of action against Moller Steamship Company, Inc., based upon information and belief that that company managed, operated and controlled the vessel upon which the plaintiff was injured. He was a longshoreman.

The defendant has submitted an affidavit under oath by one C. A. Christensen, an officer of the Moller Steamship Company, Inc., in which affidavit he as-

**230**

serts under oath that the Moller Steamship Company, Inc., was acting merely as general agent for a disclosed principal, A/S D/S Svendborg & D/S af 1912 A/S, and that it is not a proper party.

The answer of the defendant Moller denies that Moller Steamship Company, Inc., operated or controlled in any wise the ship in question. The plaintiff is now relying for remand on the face of its complaint and its brief.

The defendant relies upon Section 1441(c) of Title 28 U.S.C.A., which provides that where a party is served and is not properly a party in interest in the cause of action and not responsible for the torts, if any were committed, is, therefore, not a party properly joined as a defendant.

The defendants cite as authority for this argument, Rosario v. Waterman Steamship Corp., D.C.S.D.N.Y., 158 F. Supp. 537, at page 538, which stated as follows:

> "On the issue of removal this Court is not bound by the allegations of jurisdictional facts in the complaint; the petition for removal puts them in issue * * *."

This question was also considered in Genuine Panama Hat Works v. Webb, D.C.S.D.N.Y., 36 F.2d 265, where it was held that joinder of a resident agent as defendant in an action against a nonresident principal could not serve to defeat removal by the latter where the action was in contract or tort. Castillo et al. v. Argonaut Trading Agency, D.C. S.D.N.Y., 156 F.Supp. 398; Amsterdam v. Compania Naviera, 1958 A.M.C. 2460 (Sup.Ct., Queens Co.).

■■ It thus appears that the Moller Steamship Company, Inc., is apparently not properly joined in this action as it was an agent acting for a disclosed principal. But whether there is a cause of action for negligence against Moller Steamship Company, Inc., or not, the removal to this Court was properly made under the decisions cited. The cause of action is properly here and the motion to remand is denied.