**UPPER LAKES SHIPPING LTD.,**
Plaintiff,

v.

**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, et al., Defendants.**

United States District Court
S. D. New York.
June 28, 1963.

McGovern, Vincent & Connelly, New Rochelle, N. Y., for plaintiff.

Waldman & Waldman, New York City, for International Longshoremen's Ass'n.

Pressman & Scribner, New York City, for Marine Engineers Ben. Ass'n.

BONSAL, District Judge.

Plaintiff, a Canadian shipping company, has filed its complaint against the defendant unions and certain of their officers alleging that the defendants have maliciously interfered with the plaintiff's business and have sought to frustrate plaintiff's collective bargaining agreement with the Canadian Maritime Union in order to force the plaintiff to discharge its seamen who are members of that union and to hire in their place members of the Seafarers' International Union of Canada. It is alleged that the defendants set up unlawful picket lines around the plaintiff's vessels at various ports in Canada and the United States, and by use of threats and intimidation have prevented and delayed cargo operations on plaintiff's ships and have wrongfully induced employees of grain elevator dock companies and stevedoring concerns to refuse to unload plaintiff's ships or to handle cargoes intended for such loading and unloading. Plaintiff prays for judgment against the defendants in the sum of $1,000,000, with interest and costs.

All defendants have moved under Rule 12(b) of the Federal Rules of Civil Procedure for an order dismissing the complaint on the grounds (1) that the Court lacks jurisdiction over the subject matter of the complaint, and (2) that the complaint fails to state a claim upon which relief can be granted. Defendant Paul Hall has moved under the same rule for an order dismissing the action as to him on the ground that the Court lacks jurisdiction over his person.

Plaintiff contends that three grounds exist to confer jurisdiction on the Court in this action: (1) diversity of citizenship; (2) the existence of a Federal question under 28 U.S.C. §§ 1331 and 1350; and (3) that a cause of action is stated in Admiralty.

## DIVERSITY OF CITIZENSHIP

Both the complaint and the affidavits in support of defendants' motion to dismiss indicate that the defendant unions are unincorporated associations and that each of them has Canadian members. Complete diversity is necessary for jurisdiction under 28 U.S.C. § 1332. 1 Moore, Federal Practice, ¶0.60 [8.–4] at 644–645 (1961 ed.). In light of the Canadian members in each of the defendant unions, the Court lacks diversity jurisdiction unless the members of each union are being sued as a class. 3 Moore ¶17.25 at 1412–1413, ¶23.02 at 3409–3410, ¶23.08 at 3435–3436 (1948 ed.); Hart & Wechsler, Federal Courts and Federal System, at 917; see Lowry v. International Brotherhood, 259 F.2d 568, 570–575 (5th Cir., 1958). The complaint now before the Court does not contain the necessary allegations for a class suit. F.R.Civ.P., Rule 23(a), 3 Moore ¶23.06.

## FEDERAL QUESTION

Title 28 U.S.C. § 1331(a) provides as follows:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution laws, or treaties of the United States."

28 U.S.C. § 1350 provides as follows:

"The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of na-

tions or a treaty of the United States."

■ Plaintiff contends that he has a cause of action arising under the treaty between the United States and Canada concerning the boundary waters between the United States and Canada, which treaty was signed on January 11, 1909, and after ratification, was proclaimed on May 13, 1910. Article I of this treaty provides that the "High Contracting Parties [the Government's] agree that the navigation of all navigable boundary waters shall forever continue free and open for the purposes of commerce to the inhabitants and to the ships, vessels, and boats of both countries equally, * * * ".

Article IX provides:

The High Contracting Parties further agree that any other questions or matters of difference arising between them involving the rights, obligations, or interests of either in relation to the other *or to the inhabitants of the other* along the common frontier between the United States and the Dominion of Canada shall be referred * * * to the International Joint Commission for examination and report, whenever either the Government of the United States or the Government of the Dominion of Canada shall request that such questions or matters of difference be so referred. (Emphasis added).

Article IX provides the specific remedy for plaintiff to pursue for an alleged violation of the treaty by the defendants. It involves seeking the espousal of its claim by the Canadian Government and its presentation to the International Joint Commission.

The treaty having expressed the remedy to be pursued for violations thereof by a specified tribunal, the Court holds that no action lies in this Court for violation of the treaty (28 U.S.C. § 1350).

## ADMIRALTY

■ Section 1333 of Title 28 U.S.C. confers jurisdiction on the District Court over maritime torts. Where the impact of the tort occurs on navigable waters even though the act of the tort-feasor was done on land, there is a maritime tort. Wilson v. Transocean Airlines, 121 F.Supp. 85, 92 (N.D.Cal.1954); Todd Shipyards Corp. v. Harbor Side Trading & Supply Co., 93 F.Supp. 601, 603 (S.D. N.Y.1950); The Poznan, 276 F. 418, 433–434 (S.D.N.Y.1921); cf. The Plymouth, 3 Wall. 20, 70 U.S. 20, 34–35, 18 L.Ed. 125 (1865).

■ Accepting the allegations of the complaint as true for the purposes of this motion, the activities of defendants wrongfully interfered with the plaintiff's shipping business, including the handling of cargoes and the free operation of its ships on navigable waters. This is sufficient to confer Admiralty jurisdiction on this Court, even though the tortious acts may have taken place on land alongside plaintiff's vessels. It is true that the plaintiff has not followed the traditional form of an Admiralty pleading (see General Admiralty Rule 22 and 2 Benedict, Admiralty, Chapters XXII, XXIII (6th ed. 1940)), but it has alleged sufficient facts to confer Admiralty jurisdiction. Accordingly, the defendants' motions to dismiss must be denied, and the action shall be treated as a libel in Admiralty and will be placed on the Admiralty calendar.

■ Defendants also move to dismiss for failure to state a claim upon which relief can be granted. Defendants' only argument here appears to be that plaintiff has not pleaded ratification by the members of defendant unions. No federal authority requiring such ratification of an alleged Admiralty tort has been cited.

Defendants' motion to dismiss for failure to state a claim upon which relief can be granted is denied.

## MOTION OF DEFENDANT HALL TO DISMISS FOR LACK OF JURISDICTION OVER HIS PERSON

It appears that service was affected on the defendant Hall outside of the Southern District but within the territorial limits of the State of New York. Such service is valid under Rule 4(f) of the Federal Rules of Civil Procedure. Accordingly, the motion of the defendant Hall is denied.

Settle order on notice.