**ORIENT MID-EAST LINES, INC., owners of the S.S. ORIENT LINER, Libelant,**

v.

**ALBERT E. BOWEN, INC. and General Motors Corporation, Respondents.**

**No. 65 Ad. 1146.**

United States District Court
S. D. New York.

March 7, 1966.

Cardillo & Mooney, New York City, Joseph Cardillo, Jr., New York City, of counsel, for libelant.

Edward B. Wallace, New York City, for respondent General Motors Corporation.

Haight, Gardner, Poor & Havens, New York City, for respondent Albert E. Bo-wen, Inc.; John H. Cleveland, III, New York City, of counsel.

## MEMORANDUM AND ORDER

McGOHEY, District Judge.

■ General Motors Corporation filed an exception to the libel on the ground that the facts alleged do not state a claim within the admiralty and maritime jurisdiction.[1] The libel charges General Motors with inducing the breach of an afreightment contract between the libelant and the respondent Alfred E. Bowen Corp. [Bowen]. The libelant contends that General Motors prevented Bowen, its freight forwarder, from shipping certain dump trucks, the subjects of the afreightment contract, thereby causing libelant's vessel, the S.S. ORIENT LINER, to sail light, resulting in damages to the libelant of $38,808. Libelant also claims $250,000. as exemplary damages.

■■ General Motors, admitting that the test for the exercise of admiralty jurisdiction in this circuit is whether the injury relates to the operation of a vessel plying navigable waters,[2] nonetheless contends that its alleged interference was not a maritime tort. The contention is rejected. It is clear that the inducement of a breach of a maritime contract which causes a light sailing is indeed a maritime tort.[3] The facts alleged here state a claim cognizable in admiralty under Title 28 U.S.C. § 1333.[4]

Accordingly, the respondent's exception to the libel for lack of admiralty and maritime jurisdiction is overruled.

So ordered.

1. U.S.Sup.Ct.Ad.R. 27.

2. See Castillo v. Argonaut Trading Agency, Inc., 156 F.Supp. 398 (S.D.N.Y. 1959).

3. See The Poznan, 276 F. 418, 433–434 (S.D.N.Y.1921), where L. Hand, J. arrived at the same conclusion by an application of the more stringent traditional test of locus delicti. See also Khedivial Line, S.A.E. v. Seafarers' International Union, 278 F.2d 49, 52 (2d Cir. 1960) [dictum]; Upper Lakes Shipping Ltd. v. International Longshoremen's Assoc., 33 F.R.D. 348 (S.D.N.Y.1963); Cocotos S.S. of Panama, S.A. v. Sociedad Maritima Victoria, S.A., 146 F.Supp. 540, 545 (S.D.N.Y.1956) [dictum]. Cf. Castillo v. Argonaut Trading Agency, Inc., supra.

4. The attempted distinction on the grounds that this tort did not actually prevent a sailing is not persuasive.