JEREMIAH GALVIN, Plaintiff, *v.* WILLIAM LYNCH, Defendant.

City Court of New York, Kings County, April 9, 1930.

*Monahan & McAuliffe*, for the plaintiff.

*Cotton, Franklin, Wright & Gordon* [*E. Allen MacDuffie* of counsel], for the defendant.

GOLDSTEIN, J. Defendant moves, under rule 106 of the Rules of Civil Practice, to dismiss the complaint of the plaintiff on the ground that it does not state facts sufficient to constitute a cause of action. In the first cause of action plaintiff seeks to hold the defendant liable for damages, in that he did represent to plaintiff's employer that a certain vacuum cleaner was free from defect and safe to use, and that while plaintiff was using said vacuum cleaner he was injured. Courts of this country and England have held that one who invites another to make use of an appliance is bound to the exercise of reasonable care (*Devlin* v. *Smith*, 89 N. Y. 470; *Caledonian Ry. Co.* v. *Mulholland*, L. R. [1898] A. C. 216, 217; *Indemaur* v. *Dames*, L. R., 1 C. P. 274) but as a rule it is necessary that there exist a privity of contract between the plaintiff and defendant in order to hold the defendant liable. However, where the objects or appliances are imminently dangerous, or where there has been a willful hiding of the defect, privity of contract need not exist. (*Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78.)

As to whether an appliance is dangerous may sometimes be a question for the jury and sometimes a question for the court. (*Macpherson* v. *Buick Motor Co.*, 217 N. Y. 382, 389.) "Whether a given thing is dangerous may be sometimes a question for the court and sometimes a question for the jury. There must also be knowledge that in the usual course of events the danger will be shared by others than the buyer. Such knowledge may often be inferred from the nature of the transaction. But it is possible that even knowledge of the danger and of the use will not always be enough. The proximity or remoteness of the relation is a factor to be considered."

But in order to hold the defendant on such a theory there must be no intervening cause, and, on the face of the complaint at bar, it appears, " The plaintiff in trying to prevent damage to the house furnishings of his employer by means of a *temporary and emergency*

*adjustment*, sustained a severe injury to one of his fingers." The complaint itself shows that the action of the plaintiff contributed to the injury. The court does not believe that a vacuum cleaner is an imminently dangerous appliance, nor does the complaint state that there was a willful hiding of the defect, nor does it allege that the defect could have been discovered by a careful examination.

The second cause of action is based on a breach of warranty. There is no privity of contract between the plaintiff and the defendant, the vacuum cleaner having been purchased by the plaintiff's employer. Therefore, this cause of action must fail.

The motion to dismiss the complaint is granted. Order signed.