ALICE R. SHERWOOD, Plaintiff, *v.* LAX & ABOWITZ, Defendant.

Supreme Court, New York County, September 26, 1932.

*Prentiss & Moore,* for the plaintiff.

*Latson & Tamblyn,* for the defendant.

STEINBRINK, J. This is a motion to dismiss the complaint. From the allegations which must be taken as admitted (*Baumann* v. *Baumann,* 222 App. Div. 460), it appears that a pair of shoes manufactured by the defendant was sold by Franklin, Simon & Company to the plaintiff. Plaintiff wore the shoes and stood on the landing of a staircase, when one of the heels broke, thereby causing her to lose her balance and fall down the stairs. It is alleged that plaintiff's resulting injury was caused solely by reason of defendant's carelessness and negligence in the manufacture of the shoes. To sustain the complaint it must appear that the injury complained of was occasioned by the violation of some duty which defendant owed to the plaintiff. The duty of a manufacturer to those using his product arises only when the product " is such that it is reasonably certain to place life and limb in peril when negligently made." (*MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382, 389.) " There must be knowledge of a danger, not merely possible, but probable." (*MacPherson* v. *Buick Motor Co., supra,* 389.) In applying this rule, the courts of this State have refused to treat as dangerous an ordinary bed (*Field* v. *Empire Case Goods Co.,* 179 App. Div. 253); a mattress (*Jaroniec* v. *Hasselbarth, Inc.,* 223 id. 182, 184); a knob attached to a toilet flush (*Byers* v. *Flushovalve Co.,* [Sup.] 160 N. Y. Supp. 1050, not officially reported); a vacuum cleaner (*Galvin* v. *Lynch,* 137 Misc. 126). *Cook* v. *Garside & Sons, Inc.* (145 Misc. 577), per COHN, J., is a case precisely in point. It was there held that the heel of a shoe is not an article that is

reasonably certain to place life and limb in peril when negligently constructed. I am at a loss to understand how a contrary result could be reached without doing violence to the rule of *MacPherson* v. *Buick Motor Co.* (*supra*).

Motion is granted.