EDGAR N. TIMPSON et al., Plaintiffs, *v.* MARSHALL, MEADOWS and STEWART, INC., et al., Defendants.

Supreme Court, Special Term, Onondaga County, July 31, 1950.

*Leyden E. Brown* for defendants.

*Harry Mizen* for plaintiffs.

SEARL, J.  One motion is made in behalf of defendant Marshall, Meadows & Stewart, Inc., hereinafter referred to as the manufacturer, for dismissal of the amended complaint (Rules Civ. Prac., rule 106, subd. 5) and for an order striking out paragraphs 5, 9, 15, 18 and 20 of the amended complaint (rule 103).

The second motion made by Benjamin and White, hereinafter referred to as the retailers, likewise moves for an order dismissing the amended complaint so far as Edgar M. Timpson is concerned, also under rule 106, and for an order striking out the paragraphs above referred to under rule 103.

A third motion is likewise made by the retailers to dismiss the husband's claim.  Each motion seeks to strike out under rule 103, paragraphs 5, 9, 15, 18 and 20.

In brief the amended complaint alleges that the retailers aforesaid sold to the plaintiff, Caroline Timpson, a pair of ladies' high-heeled shoes for ordinary use and wear in the usual and customary manner, the shoes being manufactured by the corporate defendant herein; that on or about April 20, 1949, while Caroline Timpson was descending a flight of stairs, the heel of the left shoe broke off and became detached, causing her to lose her balance and to suffer certain injuries.  The first cause of action is based on negligence and therein the husband of Caroline Timpson, Edgar Timpson, claims to have suffered damages in a derivative cause of action because of loss of services and doctors' bills.

The second cause of action is based on implied warranty to the effect that the shoes were not reasonably fit for ordinary use and wear and that they were not of merchantable quality and asks for damages suffered by both plaintiffs against the individual defendants Benjamin and White.

Heretofore a motion was made to dismiss the entire complaint and by an order made by Mr. Justice BASTOW at Special Term, dated June 1, 1949, defendant's motion was denied, the court indicating that in its opinion the plaintiff, Caroline Timpson, had alleged facts in that portion of the complaint alleging breach of implied warranty sufficient to constitute a cause of action against the defendant retailers.  Separate motions now being made for dismissal by each defendant, the court must deal with the applications singly.  As to the manufacturer, the complaint must clearly be dismissed as to both the wife's cause of action and the husband's derivative cause of action.  The

breaking of a heel is a possible consequence of a defective condition, but not a probable result. The heel of a shoe is not such an article that is reasonably certain to place life or limb in peril, even when negligently constructed. Such failure is not within the exception to the general rule as set forth in *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382). See, also, *Cook* v. *Garside & Sons, Inc.* (145 Misc. 577) and *Sherwood* v. *Lax & Abowitz* (145 Misc. 578, affd. 238 App. Div. 799).

When it comes to the consideration of the cause of action of the wife, upon an alleged breach of warranty, a different situation is presented, at least as against the retailers. If a jury arrived at the conclusion that the heels upon these shoes were not reasonably fit for ordinary use, the jury might, under a proper charge of the court, award plaintiff wife a verdict. (*Morris Run Coal Co.* v. *Carthage Sulphite Pulp & Paper Co.*, 210 App. Div. 678, affd. 242 N. Y. 567; *Architector Co.* v. *Slomon*, 192 Misc. 319.)

One of the requisites to constitute a warranty is that the sale of the article be for a known use. If the heel of a woman's shoe is not for a known use we may well ask what use of an article is better known except possibly the use of the heel of a man's shoe.

The action of the husband, Edgar M. Timpson, based on breach of warranty, must fail as a matter of law. There is no privity of contract between the husband and the defendant retailers. Consequently there can be no breach of warranty such as to afford the husband grounds for relief. (*Friedman* v. *Beck*, 250 App. Div. 87; *Frier* v. *Laube's Old Spain*, 265 App. Div. 402.)

Paragraphs 5 and 9 of the complaint are stricken out; 15, 18 and 20 may remain.

Order accordingly.