Arthur **LARSON**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

Ernest R. **HAXBY**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

Frank **CRANE**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

Kenneth D. **KRATOVIL**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

Marvin H. **SMITH**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

David **HOAR**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

Mike **LEDING**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

Lawrence E. **LIEBMAN**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

Edward E. **BOLIN**, Plaintiff,

v.

**UNITED STATES RUBBER COMPANY**, Defendant.

Nos. 619–623, 634, 597, 643, 644.

United States District Court
D. Montana,
Butte Division.

June 20, 1958.

Doepker & Hennessey, Butte, Mont., for plaintiffs.

Corette, Smith & Dean, Butte, Mont., for defendant.

MURRAY, Chief Judge.

The defendant's motions to dismiss in the above causes were presented to the Court upon the briefs and oral argument submitted in the case of Arthur Larson, No. 619, and the Court having considered said briefs and the said oral argument and being fully advised in the premises,

Now, therefore, it is ordered and this does order that the motion to dismiss the first cause of action in each of said cases be and the same hereby is denied.

It is further ordered and this does order that the motion to dismiss the second cause of action in each of said cases be and the same is hereby granted and the second cause of action in each of the said cases is hereby ordered dismissed.

It is further ordered that the defendant United States Rubber Company, in each of said cases, is granted 20 days within which to further plead.

In each of the cases the first cause of action is based upon the alleged negligence of the defendant in the manufacture of rubber boots. The boots are manufactured by defendant and sold through jobbers and retailers, and the plaintiff in each of the actions is a remote vendee, having no contractual relationship with the defendant manufacturer. The precise question presented is whether a manufacturer of an article may be held responsible for his negligence in manufacturing such article to the user of the article injured as a result of such negligence, where there is no privity between the manufacturer and user.

This being a diversity case, under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, in deciding this question this Court must be controlled by Montana law. Both parties concede there is no Montana Statute or decision which covers the precise question, and it thus becomes the Court's duty to attempt to say what decision the Montana Supreme Court would arrive at were the question presented to it.

Undoubtedly, the early common-law rule was that a manufacturer was responsible for negligence only to his immediate vendee, and was not responsible for negligence to a remote vendee or other person with whom he had no contractual relation. That rule had its origin in the case of Winterbottom v. Wright, 10 M. & W. 109, decided in 1842, and it found acceptance generally in courts both in this country and England. But no sooner had this nineteenth century rule been laid down, than courts, in the interests of justice in particular

cases, were required to make exceptions to it. The first exception to the rule of nonliability was made in the case where the manufacturer was engaged in making inherently dangerous articles such as gunpowder and other explosives. Then an exception to the rule was made in the case of the manufacture of articles intended to preserve, destroy or affect human life, such as drugs and foodstuffs. Finally came the case of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, which held there was an exception to the rule of a manufacturer's nonliability to remote vendees when the nature of the thing manufactured is such that it is reasonably certain to place life and limb in peril when negligently made.

The Supreme Court of Massachusetts, in the case of Carter v. Yardley & Co., 319 Mass. 92, 64 N.E.2d 693, 164 A.L.R. 559, after a thorough consideration and analysis of the rule and the various exceptions and a review of many cases, came to the conclusion that the exception to the rule made in the MacPherson case had swallowed the rule, leaving nothing upon which the rule could operate, and that wherever the MacPherson case is followed, the ancient rule of the manufacturer's nonliability to remote vendees for negligence ceased to be a part of the law.

Not all courts which have adopted the MacPherson rule have gone as far as the Massachusetts Supreme Court in asserting the non-existence of the so-called general rule of manufacturer's nonliability to a remote vendee for negligence. However, as pointed out in Carter v. Yardley & Co., supra, and in the annotation in 164 A.L.R. at page 591, many of the courts which continue to render lip service to this rule, have in fact decided in favor of defendants upon the ground of want of negligence. As the annotators point out in 164 A.L.R. at page 591:

"In other words, under the modern law, where the manufactur-

er is held not liable for negligence, he is excused from liability on doctrines of the law of torts: lack of foreseeability, want of actual negligence, or the fact that the injury was not proximately caused by his conduct * * *. The manufacturer is not excused under the modern law merely because there happened to be a lack of any privity of contract between him and the injured person * * *."

The MacPherson case has received such wide-spread acceptance by courts both in this country and Great Britain, by writers of critical analyses in legal periodical literature, and by authors of late and modern text books in the field of torts (164 A.L.R. 587), that this court has no hesitancy in saying that it would likewise be accepted by the Supreme Court of Montana. The Court further feels that the Montana Court would accept the analysis and interpretation of the MacPherson decision expressed in Carter v. Yardley & Co., and in the annotation in 164 A.L.R., commencing at page 569, and permit the manufacturer's liability for negligence to depend upon the doctrines of the law of negligence, and not upon whether privity of contract existed between the negligent manufacturer and the consumer of the product who was injured by such negligence.

Permitting a manufacturer's liability for negligence to a remote consumer of the product to depend upon the principles of the law of negligence is more productive of justice in the twentieth century society in which we live today than is the old nineteenth century rule which made the manufacturer's liability depend upon privity of contract. The latter rule was formulated in 1842, and may have been appropriate at that time in a society where our modern methods of mass production and distribution of products were unknown; where in most instances the consumer dealt directly with the manufacturer, and the products

purchased were generally simple, and as susceptible to inspection and understanding by the purchaser and retailer as to the manufacturer. Today, however, in our society of mass production and distribution, manufacturing processes are far more complex, defects in a product caused by negligence may be highly dangerous to life or limb, no matter what the product is, and yet not be discernible to either the retailer or consumer. As pointed out in the American Law Institute's Restatement of the Law of Torts, in Section 395(b), "The purpose which the article, if perfect, is intended to accomplish is immaterial. The important thing is the harm which it is likely to do if it is imperfect."

Then, too, modern mass production manufacturers produce their products with the ultimate user in mind; these products are not produced for the use of the jobber or retailer who may be in privity with the manufacturer. In the cases at bar, for instance, the defendant may not have had these particular plaintiffs in mind in the production of its rubber boots, but certainly the class of persons to which these plaintiffs belong —miners—were in the contemplation of the defendant, and defendant owed to that class of persons, whom they knew would use its product, the duty not to injure them by negligence in the manufacture of its boots. This duty arises not out of contract, but out of the general human duty not to injure another through disregard of his safety.

Nor will the application of the law of negligence work any undue hardship or injustice on manufacturers as far as the Court can see. Unless all of the elements of negligence—duty, breach of that duty, foreseeability, proximate cause, lack of intervention of intervening causes, lack of contributory negligence—unless all of those elements combine, under the law of negligence, there will be no recovery against the manufacturer.

Finally the Court has been impressed, as above pointed out, by the reasoning and analysis of the problem in the case of Carter v. Yardley & Co., supra, and in the annotation in 164 A.L.R. 569. Additionally, the Court agrees with, and has been impressed by the logic of the decision in Grant v. Australian Knitting Mills, [1936] A.C. 85, 105 A.L.R. 1483, where recovery was allowed by the remote user against the manufacturer of underclothing for negligence in the manufacture; and the case of Noone v. Fred Perlberg, Inc., 1944, 268 App.Div. 149, 49 N.Y.S.2d 460, affirmed without opinion in 1945, 294 N.Y. 680, 60 N.E. 2d 839, where recovery was allowed by a remote vendee against the negligent manufacturer of an evening dress. It is interesting to note that the latter decision is a much later decision out of the same court as Sherwood v. Lax & Abowitz, 145 Misc. 578, 259 N.Y.S. 948, and Cook v. A. Garside & Sons, Inc., 145 Misc. 577, 259 N.Y.S. 947, 948, both decided in 1932, cited by defendant, and would indicate that perhaps the New York Court has reappraised its position. At any rate, it is difficult to see how the shoes involved in the Sherwood case are any less a product that "is reasonably certain to place life and limb in peril when negligently constructed", than was the evening dress in the Noone case.

▇ As to the second cause of action the Court believes that the Montana Statutes on warranty, and particularly Sections 74-309 and 74-315, R.C.M.1947, require privity of contract between the manufacturer and the person seeking to enforce the warranty, and in the absence of such privity between the plaintiffs and the defendant in these cases, the plaintiffs cannot state a claim for breach of warranty.

It is further ordered that the Clerk of this court forthwith notify the attorneys of record for the respective parties of the making of this order.