Aron Steuer, J.
Plaintiff alleges that he was employed in a book bindery. His employers rented a machine called a Seybold flat paper cutter from the defendants. In using this machine plaintiff alleges that he was severely injured. The complaint contains allegations that the defendants warranted to plaintiff’s employer that the machine was safe to use and that it was unsafe in that it lacked guards.
These facts do not constitute a cause of action. It is elementary that a warranty applies only to the parties to a contract (Galvin v. Lynch, 137 Misc. 126). That is not to say that one who supplies a defective machine is free from liability to a person injured by it. His liability is the same as the manufacturer’s. It depends first on whether the machine if carelessly made would be a source of danger and secondly whether the defect is latent. There is no liability for renting a machine which is patently dangerous (Campo v. Scofield, 301 N. Y. 468). It is only if the danger lies in some imperfection of manufacture causing it to act in some unusual way which causes injury that liability can be invoked. But there is no liability where the claimed defect is that by a change in design or the addition of safety devices a safer machine could have been produced.
The motion is granted with leave to plaintiff to serve an amended complaint on or before February 15, 1960 on payment of $10 costs.