Murray T. Feiden, J.
This case was originally submitted to the jury against both defendants only on the issue of liability, leaving the amount of damages for determination at a later trial. The jury brought in a verdict against both defendants and by a decision of this court dated April 14, 1966 (49 Misc 2d 1059) the defendants’ motion to set aside the verdict and dismiss the complaint were denied. Thereafter the ease was submitted to a jury on the issue of damages and on May 10, 1966, the jury brought in a sealed verdict in the sum of $135,000 against both defendants. Both defendants moved to set aside the verdict on all applicable grounds of the CPLB. except inadequacy and also requested this court to reconsider its prior decision with respect to each defendant on the issue of liability. Decision was reserved.
The court has reconsidered its decision with respect to liability and after reconsideration the verdict as against the defendant Charles Schad, Inc., is set aside and the complaint as to said defendant is dismissed on the authority of Campo v. Schofield (301 N. Y. 468); Inman v. Binghamton Housing Auth. (3 N Y 2d 137); Jones v. Klachkin (22 Misc 2d 631, affd. 13 A D 2d 911). It would seem that even where we do not have a remote user situation, a supplier is not liable for a patently dangerous appliance (Jones v. Klachkin, supra).
The motions of the remaining defendant, Associated Church Arts, including the motion to set aside the verdict for excessiveness, are denied.